[No. 11954.    Department One.    June 23, 1914.]

L. C. BANE *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—CLAIMS—REQUISITES — RESIDENCE OF CLAIMANTS. A claim for damages against the city of Seattle, a city of the first class, stating the residence of the claimants by street and number, without stating the name of the city, the venue of the jurat of the claim being laid in King county, sufficiently complies with Rem. & Bal. Code, § 7995, requiring the claim to state the actual residence of the claimants "by street and number," in the absence of a showing that the failure to name the city, county and state was misleading.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 6, 1914, dismissing an action in tort, upon granting a nonsuit, after a trial before the court and a jury. Reversed.

*Higgins & Hughes* (*Hyman Zettler,* of counsel), for appellants.

*James E. Bradford* and *Howard M. Findley,* for respondent.

[1]Reported in 141 Pac. 339.

PER CURIAM.—This appeal presents the same questions as those involved in *Jorguson v. Seattle, ante* p. 126, 141 Pac. 334, and *Decker v. Seattle, ante* p. 137, 141 Pac. 338. The notice, which was verified on February 12, 1913, and filed on February 15, 1913, stated the cause of action as alleged in the complaint, and contained the following statement of residence:

"That the residence for one year last past of claimant is as follows: L. C. Bane, 2134 Laurelstrade Ave; W. V. Bane, Hotel Kennedy; Josephine Bane, 412 - 21st Ave."

The case is controlled, in the main, by the decisions in the above cases. The only additional question presented in this case is the claim that the notice presented to the city council and filed with the city clerk was fatally defective in that it failed to state that the plaintiffs' place of residence was in the city of Seattle. The venue of the *jurat* to the claim was laid in King county. The claim was filed with the city clerk. It complied with the letter of the statute in that it contained "a statement of the actual residence of such claimant by street and number." In the absence of a showing that the failure to name the city, county, and state was misleading, we hold that the claim substantially complied with the statute.

The judgment is reversed.