[No. 12428.   Department Two.   March 5, 1915.]

ESTHER WAGNER *et al.*, *Respondents*, v. THE CITY OF
SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—CLAIMS FOR DAMAGES—AMENDMENT. A
claim for personal injuries, filed under a city charter requiring the
claim to embrace all items of damage known at the time, cannot be
amended at the trial so as to include a known item for the employ-
ment of a nurse, not included in the claim as filed.

APPEAL—REVIEW—HARMLESS ERROR—REMISSION. The erroneous
inclusion of a $65 item of damages does not warrant a reversal;
since it may be deducted from the amount of the judgment.

MUNICIPAL CORPORATIONS—CLAIMS FOR DAMAGES—AMENDMENT. Al-
lowing a trial amendment of a claim for damages against a city as
to the claimant's street number, changing the number from 218 to
208, is not prejudicial error, where there was a *bona fide* attempt to
comply with the law and the notice accomplished its purpose of giv-
ing the city an opportunity to investigate the claim; the claimant
having lived at 208 for six years and being well known to the oc-
cupants of No. 218, where proper inquiry would have disclosed claim-
ant's residence.

APPEAL—REVIEW—HARMLESS ERROR. It is harmless error to allow
the amendment of a claim against a city where no evidence was
offered to prove the item of damages added by the amendment.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered July 11, 1914, upon the verdict
of a jury rendered in favor of the plaintiffs, in an action for
personal injuries sustained by reason of a defective sidewalk.
Reversed, unless $65 is remitted.

*James E. Bradford* and *Melvin S. Good*, for appellant.

*Rosenthal & Aaron* and *Philip Tworoger*, for respondents.

MORRIS, C. J.—Action for personal injuries claimed to have
been sustained from a fall upon a defective sidewalk.  Ver-
dict and judgment for $325 in plaintiff's favor, the injuries
being slight, from which the city appeals.

[1]Reported in 146 Pac. 621.

The error urged against the judgment is that the trial court permitted respondents to amend the claim filed with the city so as to embrace items of damage known to respondents at the time the claim was filed, but not included therein. The injury occurred on November 19, 1911. The claim was filed December 16, 1911. It sets forth the particulars as to the place and character of the injury and the damage sustained, but makes no reference to the employment of nurses, nor any claim of damages caused by such employment. On the trial, respondents offered testimony to the effect that they had expended $65 in the employment of a nurse. The city objected as not being within the claim filed. The lower court overruled the objection, and permitted respondents to amend the claim so as to include this item. The amendment also included a change in respondents' address from 218, 21st avenue, as given in the claim filed, to 208, 21st avenue.

The charter of the city of Seattle provides that, all claims for damages shall "contain all items of damage claimed." Rem. & Bal. Code, § 7995 (P. C. 77 § 133), provides that, such claims shall state the residence of the claimant at the date of the filing and for six months immediately prior thereto. Provisions of this character have uniformly been sustained, and must be complied with when, as here, the items are known at the time of the filing of the claim. *Horton v. Seattle*, 53 Wash. 316, 101 Pac. 1091; *Casassa v. Seattle*, 75 Wash. 367, 134 Pac. 1080; *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840. The provision requiring the filing of a claim being statutory in its nature, there can be no amendment without statutory authority. There is no such authority in this state, and we must hold that such claims cannot be amended at the trial so as to include items of damage known at the time of the filing of the claim but not included therein. It was, therefore, error for the lower court to permit the amendment, but it does not follow that the judgment must be reversed, since the error can be remedied by deducting from the judgment the sum of $65, the amount paid

for nursing. We do not mean to be understood in so holding, that claims of this character must be construed with such exactness as to preclude evidence of those injuries not specifically mentioned in the claim, but which naturally and proximately flow from the injuries described in the claim. Evidence of such proximate results is admissible without reference to the claim. *Durham v. Spokane*, 27 Wash. 615, 68 Pac. 383.

While the lower court was not justified in allowing the amendment of the claim as to respondents' street address, it does not follow that this was error so prejudicial as to call for a reversal, since the evidence of the correct address was admissible without the amendment. The obvious purpose of these charter and statutory provisions is to insure such notice to the city as to enable it to investigate the cause and character of the injury, and where there is a *bona fide* attempt to comply with the law, and the notice filed actually accomplishes its purpose of notice, it is sufficient though defective in some particulars. *Lindquist v. Seattle*, 67 Wash. 230, 121 Pac. 449.

In *Frasier v. Cowlitz County*, 67 Wash. 312, 121 Pac. 459, it was said:

"The purpose of these provisions, as applied to a claim arising from a tort is to enable the municipality to investigate both the claim and the claimant."

It is sufficient, therefore, if the notice or claim is not calculated to mislead, but contains such evidence of identity of place and person as to enable the investigating officials to make proper investigation when aided by reasonable inquiry. When, therefore, there is no evident intention to mislead, but a *bona fide* attempt to comply with the law, the notice is sufficient in the absence of any evidence that it did in fact mislead. 5 Thompson, Negligence, § 6330; *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893; *Decker v. Seattle*, 80 Wash. 137, 141 Pac. 338; *Bane v. Seattle*, 80 Wash. 141, 141 Pac. 339. There was no evidence of any misleading on the part of the investigating officials. On the contrary, it appears that respondents had lived at 208, 21st avenue, for six years,

and were well known to the residents of 218, 21st avenue. Evidence in the record as to the proximity of 208 to 218 is found in the testimony of a lady living at 218, who said she knew Mrs. Wagner, and that "She lived in the Dows house." She was then asked, "Where is that?" To which she answered, "It is the neighbor's house." It is evident that the giving of respondents' address as 218, 21st avenue, was not misleading, and that any proper inquiry at such place would have disclosed the residence of respondents.

Complaint is also made that the lower court permitted the claim to be amended so as to include damages on the part of the husband "for loss of services, comfort and companionship of the wife." We find no attempt to prove any such element of damages, and, though the amendment was improper, the error was harmless.

The judgment will be affirmed conditional upon respondents' remitting therefrom the sum of $65, within twenty days after the going down of the remittitur. Otherwise a new trial is ordered. Costs in this court to appellant.

CROW, MAIN, ELLIS, and FULLERTON, JJ., concur.