[No. 12831.   Department One.   December 8, 1915.]

ROY WALTERS, *Appellant*, v. THE CITY OF TACOMA, *Respondent*.[1]

MUNICIPAL CORPORATIONS—CLAIMS—NOTICE—SUFFICIENCY — PLACE OF INJURY.  Under a city charter requiring notice of claims against a city to state the place of the alleged injuries so far as practicable, and Rem. & Bal. Code, § 7997, making compliance with the city charter mandatory, a notice of an injury inadvertently fixing the place of the accident as on the north side of Twenty-fourth street between F. & S. streets, which street had no existence, is insufficient to cover an injury occurring on Twenty-fifth street between F. & S. streets, notwithstanding the city council may have had actual notice that the accident occurred on Twenty-fifth street and that Twenty-fifth street was intended.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered March 8, 1915, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained through a defective sidewalk. Affirmed.

*Thomas J. Wayne* and *Hiram E. Washburn*, for appellant.

*T. L. Stiles* and *Frank M. Carnahan*, for respondent.

MOUNT, J.—Action for personal injuries.  The trial court sustained a demurrer to the plaintiff's complaint and dismissed the action.  The plaintiff has appealed.

It appears from the complaint that the plaintiff was injured upon one of the streets in the city of Tacoma.  Within thirty days after the injury, he filed a claim with the city, describing the place where the injury occurred as "on the north side of south twenty-fourth street on the board sidewalk between Ferry and Sprague streets in said city."  In the complaint he alleges that the place of the injury was "on the north side of south twenty-fifth street between Ferry

[1]Reported in 153 Pac. 311.

and Sprague streets," and after alleging the character of the place, he alleges:

"Said claim being, through some inadvertence, but through no fault of his, erroneous as to the number of said street, and naming the place as on south twenty-fourth street, when in fact no such street existed between Ferry and Sprague streets in the defendant city, and the defendant city by its officers and agents having actual knowledge of this fact, and having actual knowledge on the following 26th day of September, 1914, of the plaintiff's injuries and of the time and exact place where they were received, and being apprised of all these facts, the defendant council rejected plaintiff's claim."

The trial court sustained the demurrer to the complaint upon the ground that the notice filed with the city did not describe the place, as required by the charter of the city of Tacoma. The charter of the city of Tacoma provides:

"All claims for injuries to the person, alleged to have been caused or sustained by reason of defects, want of repair or obstruction of any of the highways, streets, alleys, sidewalks or crosswalks of the city, shall be presented in writing to the council within thirty days after such injuries shall be alleged to have been received. Such writing shall state the time, place, cause, nature, and extent of the alleged injuries so far as practicable, and shall be verified by affidavit of the claimant to the effect that the same is true. The omission to present any such claim in the manner or within the time in this section provided shall be a bar to an action against said city therefor." Revised City Charter of Tacoma, § 215.

The appellant relies upon the case of *Hammock v. Tacoma*, 40 Wash. 539, 82 Pac. 893. In that case the notice of the claim stated that the injury occurred "on south J street between south forty-first and south forty-second streets, in the city of Tacoma." The affidavit accompanying the notice stated the place to be, "Upon the east side of J street in the city of Tacoma, at a point about half way between south forty-second and south forty-first streets." It appeared in that case that south forty-second street from N street to J street was not extended for a distance of four blocks, and

that the next street from forty-first street south on J street is forty-third street, so that the point where the injury actually occurred was about half way between forty-first street and forty-third street, instead of half way between forty-first street and forty-second street, as stated in the notice. In that case we said: "This discrepancy was not sufficient to debar the plaintiff from her right of action." It will be noticed in that case that the place of injury was located and described upon J street, and we held that the notice was sufficient.

In the case of *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431, the place was described as "between Thomas and John streets on the west side of said Westlake avenue, on and near the west trackage of the Seattle Electric Company, and near No. 228 Westlake avenue in the city of Seattle." In that case it was stated that the accident occurred on the west side of the street instead of on the east side, and we held that the description in the notice was sufficient, saying, that if the notice "directs the attention of said officers with reasonable certainty to the place of the accident, the requirements of the notice have been met."

The legislature in 1909 passed an act, Rem. & Bal. Code, § 7995, as follows:

"Whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, in compliance with valid charter provisions of such city, such claim must contain, in addition to the valid requirements of such city charter relating thereto, a statement of the actual residence of such claimant, by street and number," etc.

The next section, § 7996, provides as follows:

"Nothing in this act shall be construed as in anywise modifying, limiting or repealing any valid provision of the charter of any such city relating to such claims for damages, but the provisions of this act shall be in addition to such charter provisions, and such claims for damages, in all other respects, shall conform to and comply with such charter provisions."

Section 7997:

"Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

While we held in *Maggs v. Seattle*, 86 Wash. 427, 150 Pac. 612, that this act did not make the provisions of the city charter mandatory, but referred only to the additional requirements contained in the act, nevertheless we said in that case: "We have repeatedly held that a substantial compliance with such charter provisions is all that is required." The notice to the city in this case, according to the allegations of the complaint, described the accident as having occurred upon a street which did not exist at all, an impossible place, and, of course, was equivalent to no description of the place. In the *Hammock* and *Ellis* cases above noticed, the place was approximately described. If we may say that the notice of the place in this case is sufficient, then we are substantially reading out of the charter of Tacoma the necessity of describing the place with reasonable certainty, so far as practicable. It was practicable in this case to state the name or number of the street upon which the accident occurred. It is conceded that this was not done, but that the accident was described as having occurred upon some other street than the one named in the notice. We are satisfied that the notice was not sufficient.

It is argued by the appellant that the allegation that the council knew the location of the place is sufficient to avoid the necessity of giving the proper notice. In the case of *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840, in discussing the question with reference to a notice of claim filed without stating the claimant's residence, as prescribed by the city charter, we said:

"The appellant offered to prove that the place of residence of the appellant was known to the officers of the city, and that the claim was rejected on its merits and not because of the failure of the appellant to give notice in conformity with

the statute.   The refusal to admit this testimony is assigned as error.   The statute makes no exception in such cases, and there is nothing in the record to indicate that the appellant was misled by any act of the respondent.   He merely failed to comply with the statute, and must bear the burden of his own inadvertence."

We think the same rule should apply in this case.   The plaintiff, through his own inadvertence, or that of some one employed by him to file the claim, omitted to state the place where the accident occurred, but stated an impossible place. This was insufficient because the claim did not comply with the charter and statutes above quoted.   The court therefore properly sustained the demurrer.

The order appealed from is therefore affirmed.

MORRIS, C. J., CHADWICK, and ELLIS, JJ., concur.