[No. 13914. Department Two. August 4, 1917.]

R. A. RICHARDSON, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—DUTY TO REPAIR. A city is bound to.keep in repair a reasonable way along an ungraded street that has, to the knowledge of the city, been in constant use by the public for more than ten years and which it has recognized as a public street.

SAME—STREETS—DEFECTS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The driver of a one horse wagon coming down a steep grade, who was thrown to the ground when a wheel dropped into a chuck hole filled with water, is not guilty of contributory negligence as a matter of law, where he used all the care possible in coming down the descent and did not know of the existence of the hole, which he could not see on account of the water in it.

SAME—DEFECTS—IMPLIED NOTICE—OTHER ACCIDENTS. Implied notice on the part of the city of a defect in a street is sufficiently shown by evidence that the defect had caused previous accidents.

SAME—CLAIMS—RESIDENCE OF CLAIMANT. A claim against a city stating the residence at which the claimant had lived "during the past year" complies with the requirement that the claim shall give the place of residence for six months immediately prior to the filing of the claim.

APPEAL—REVIEW—HARMLESS ERROR—VIEW BY COURT. In an action tried to the court, a view of the premises without the consent of the appellant cannot be assigned as error where the trial judge did not take the view into consideration and rendered his decision entirely on the evidence.

Appeal from a judgment of the superior court for King county, Samuel H. Steele, judge *pro tempore*, entered September 8, 1916, upon findings in favor of the plaintiff, in an action for personal injuries sustained through a defective street, tried to the court. Affirmed.

*Hugh M. Caldwell* and *James A. Dougan*, for appellant.

*Gill, Hoyt & Frye* and *Frank E. Boyle*, for respondent.

[1]Reported in 166 Pac. 1131.

Holcomb, J.—This case arises from an injury received by respondent while he was driving a one-horse wagon down a very steep hill on a roadway known as Atlantic street, in Seattle. The injury occurred on July 21, 1910, at a point about thirty feet east of the intersection of Atlantic street with Ninth avenue south. The left front wheel of respondent's wagon dropped into a chuck hole in the street at the bottom of a steep descent, causing the wagon to lurch and tip, throwing respondent to the ground with great force and violence, and causing the injury set forth in his complaint. The street is open but not graded. The beaten track or roadbed proper is not straight but curved. The grade easterly from the point of the accident for a short distance is from fifteen to twenty per cent to a level place in Atlantic street, and thence easterly to Tenth avenue south the grade is about twenty-five per cent. Tenth avenue south, at the point of its intersection with Atlantic street, is graded and the approach to Atlantic street leveled off so that the grades of the two streets conform. Ninth avenue south was graded to a point where it intersects Atlantic street.

Respondent's testimony tended to show that the chuck hole which caused his wagon to lurch and tip was filled at the time with "soupy" mud, so he could not tell that it was deep and dangerous. Respondent started down Atlantic street from Tenth avenue south to Ninth avenue south. The first half of the distance between those avenues is very steep and the surface of the road is hard and smooth, so that an ordinary wagon wheel would slide over the same, and respondent, for that reason, used a rough lock on a rear wheel of his wagon to hold it back on the steepest part of the descent. At the middle of the block there is an alley; the street is fairly level at that point, and from there on down to Ninth avenue the street is not so steep. The surface of the ground at that time was soft and wet so that, when respondent came down over the steepest portion of the road to the level place, he removed the rough lock and applied the ordinary brake to his

wagon, as in such ground the wheels would take hold. He was familiar with this street, had traveled over it for years, but had not been over this portion of the street for a period of a month or six weeks, and testified that the road was all right at the bottom of the hill the last time he was over it, in June preceding the accident. There was testimony that the street commissioner of the city had been notified on or about July 4, 1910, about fourteen days before the accident, of the existence of this chuck hole and the bad condition of the street. There was also evidence that another witness had slipped and fallen into this hole on or about July 4, 1910; and another witness, about three or four weeks before respondent was injured, had slipped into this chuck hole. Another witness had had his wagon tipped over at this spot about ten days before respondent was injured. This witness also testified that there was nothing about the place to put him on his guard. Another witness testified that an express wagon had tipped over at this same spot about ten days before respondent was injured. There was testimony that, in the previous March, no chuck hole was there.

It appears from the evidence that an addition, platting this street and dedicating it to the public, was platted on November 25, 1872, and filed for record in the official plat book of King county, and another addition, adding to some of these streets and alleys, was made, dedicating streets and alleys therein to the public on June 16, 1875, and filed for record in the official book of plats in the office of the county auditor. At that time no approval of such plats on the part of the municipal authorities was required by the law in force. *Thonney v. Rice*, 43 Wash. 708, 86 Pac. 713. Atlantic street appeared on those plats as Town street, Ninth avenue south was platted as South Eleventh street, and Tenth avenue south as South Twelfth street. In the year 1903, the city graded Tenth avenue south, the street running at right angles to Atlantic street, and constructed sidewalks along it. At the intersection of Tenth avenue south with Atlantic

street, the city leveled off and graded the approach to Atlantic street. In 1895 or 1896, the city council, by ordinance, changed the names of certain streets in Seattle. Town street was changed to Atlantic street, South Eleventh street was changed to Ninth avenue south, and South Twelfth street to Tenth avenue south. Thereafter, at the intersection of the streets, the city maintained signs marking the street. Houses along Atlantic street were numbered. A sidewalk was constructed along the south property line; not shown to have been constructed by the city, but shown to have been in constant use. Steps had been built at the west end of Atlantic adjoining Ninth avenue south. Both the sidewalk and road had been kept in repair by some one. Atlantic street had never been closed to traffic, but, on the contrary, had been openly, notoriously, and continuously used by the public for a period of time certainly exceeding ten years, possibly thirty years, according to the testimony. The city had never rejected or repudiated the street, but had never graded and improved it.

I. Appellant contends that the city was not required to keep in repair the place where respondent was hurt, although in a wagon track within the limits of the city. In support of this contention it cites these cases: *Ottolengui v. Seattle,* 59 Wash. 37, 109 Pac. 206; *Tait v. King County,* 85 Wash. 491, 148 Pac. 586; *Downend v. Kansas City,* 156 Mo. 60, 56 S. W. 902, 51 L. R. A. 170; *Johnson v. St. Joseph,* 96 Mo. App. 663, 71 S. W. 106; *Willey v. People,* 36 Ill. App. 609; *Moore v. Cape Girardeau,* 103 Mo. 470, 15 S. W. 755. The cases from our own court we do not consider as supporting appellant's contention. In *Tait v. King County* and *Ottolengui v. Seattle,* the effect of the holding was merely to this extent: that, where a highway is dedicated to the public and approved by a board of county commissioners or a city council, the duty is not thereby cast upon the county or city of keeping every street or avenue, dedicated by the plat to the

public use, *open for traffic*. And in such case, before the duty devolves upon a county or city to use reasonable care to keep a highway in reasonably safe condition for travel, it must have, either expressly or impliedly, invited the public to use such highway. But here the street was dedicated in 1875. It was in constant use by the public for a period of more than ten years. The city never closed it to travel, and did so far recognize it as a public street of the city as to change its name by ordinance. It graded the streets running at right angles to it on each end, and suffered and permitted it to be used without objection by vehicles of all kinds for a period long enough to establish a highway by prescription under the statutes of this state. It seems, therefore, that this case falls within the rule announced by this court, per Fullerton, J., in *Brabon v. Seattle*, 29 Wash. 6, 69 Pac. 365, and *Cady v. Seattle*, 42 Wash. 402, 85 Pac. 19. In the first case cited, it was said:

"It may be that the demands upon it did not require it to be graded or cleared for its full width, but the city, after having recognized it as a public street and permitted its use thereafter, was bound to maintain a reasonably safe way along it, sufficient to accommodate the travel upon it, and is liable, under the rule in this state, to one who, without fault, is injured thereon because of defects therein, while using it for a lawful purpose and in the manner it was intended to be used,"

citing authorities. And in the case last cited it was said:

"The city next contends that because it had never graded the street or formally opened it for travel, it cannot be held liable for injuries caused by its defective condition. But the evidence shows that the street was in one of the principal residence districts of the city; that it had been open for travel for a long time, and had been extensively used to the knowledge of the city's officers. When a street is suffered to remain open by the city, and is in common use by the people, it is the duty of the city to keep it in ordinary repair. This is true whether or not the street has been formally accepted, or is what may be technically called an improved street."

See, also, *Columbia & Puget Sound R. Co. v. Seattle*, 6 Wash. 332, 33 Pac. 824, 34 Pac. 725; *Carroll v. Centralia Water Co.*, 5 Wash. 613, 32 Pac. 609, 33 Pac. 431; *Rowe v. Ballard*, 19 Wash. 1, 52 Pac. 321; *McKnight v. Seattle*, 39 Wash. 516, 81 Pac. 998.

We therefore conclude that Atlantic street, where the injury occurred, was a public street of Seattle which the city, having left it open to use and travel with notice that it was so used, was required to keep in ordinary repair. It was not, of course, required to grade and improve it for its full width or to reduce its grades to the greatest extent possible, for, as it was open and used, the public had notice of all its grades and were accordingly bound to use such care as was necessary to prevent accident and injury.

II. The question then arises whether respondent did use such care as was necessary to avoid injury, appellant contending that he was guilty of contributory negligence which bars his recovery. We have stated the facts showing conditions existing and the precautions taken by respondent to descend the grade in a safe and careful manner. It was shown that he had not been over the road for the period of a month or six weeks, that he did not know of the chuck hole at the bottom, and that he was unable to see the depression because the ground in that vicinity was soft, the surface was level and smooth, and the depression filled with soupy mud. Had respondent been aware of the defective condition, contributory negligence *per se* would still not have been imputable to him, but he would be chargeable with a greater degree of care. *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Shearer v. Buckley*, 31 Wash. 370, 72 Pac. 76. As he did not know of it, according to his evidence, and as he used all the care possible in going down the descent with his wagon, it cannot be said, as a matter of law, that he was guilty of contributory negligence.

III. The next contention of appellant is that the city had neither actual nor constructive notice of any defect. This

proposition is defeated at the very outset by the fact that the trial court, who heard the testimony, found, upon competent testimony, that the city had actual notice. More than that, there is sufficient evidence to support the implied notice on the part of the city by reason of the evidence that the defect had caused previous accidents.

IV. The appellant contends that respondent's claim did not comply with the state law, in that it did not give the place of the residence of respondent for six months immediately prior to the filing of the claim. The claim contains the following statement: "I have lived in the city of Seattle during the past year at No. 1500 Tenth avenue south." It is claimed that the word "during" does not mean for the whole period of the year or for the whole period of any particular length of time; that therefore the claim does not comply with the statute. We are unable to agree with this view. The use of the word "during" certainly conveys the thought that the claimant had lived at the given place the entire time stated. A year being stated, it would certainly cover the period of six months. "During" means "throughout the course of," and "throughout the continuance of." 3 Words & Phrases (1st ed.), p. 2278. The claim was therefore sufficient.

V. The last contention of the appellant is that the trial court erred in viewing the premises where the accident happened without the consent of appellant. We find the trial judge declared that he did not take into consideration any view of the premises when rendering his decision, but rendered it entirely upon the evidence adduced at the trial. Certainly, therefore, we cannot presume that there was anything prejudicial to the appellant in the view of the premises by the trial court.

Finding no error, the judgment is affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.