[No. 23702.   *En Banc.*   October 13, 1932.]

EMILY LOUISE EASTWOOD, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

[1]Reported in 14 P. (2d) 1116.

*A. C. Van Soelen* and *C. C. McCullough,* for appellant.

*Padden & Moriarty,* for respondent.

PARKER, J.—The plaintiff, Miss Eastwood, seeks recovery of damages from the city of Seattle, alleged as the result of the negligence of the city in the operation of one of its street cars, causing her personal injuries. Trial in the superior court for King county, sitting with a jury, resulted in a verdict in favor of the city. Miss Eastwood, by her counsel, moved for a new trial, which motion was by the court granted. An order was entered accordingly, from which the city has appealed to this court.

It is first contended in behalf of the city that the claim for damages presented by Miss Eastwood to the city council prior to the commencement of her action does not comply with our statutory requirements relating to the stating of the residence of such a claimant. This contention was made in the trial court by demurrer to the complaint, the presented claim being made a part of the complaint, and also by objection to the introduction of the presented claim in evidence during the trial.

The statutory requirements of such a claim, touching the residence of the claimant, are found in Rem. Comp. Stat., § 9478, reading as follows:

"Whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, in compliance with valid charter provisions of such city, such claim must contain, in addition to the valid requirements of such city charter relating thereto, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months im-

mediately prior to the time such claim for damages accrued.''

The language of the presented claim, with which we are here concerned, is as follows:

"That on this date of presenting and filing this claim, namely: on the 20th day of November, 1930, the actual residence of Emily Louise Eastwood, the claimant, is 4702 Twelfth Avenue, N. E., in the City of Seattle, King County, Washington; . . .

"That the said claimant is a resident of Seattle, King County, Washington, and has been for more than one year last past, . . .''

It is argued that the claim is deficient in that it fails to state, with sufficient definiteness, the residence of Miss Eastwood during the period of six months immediately prior to the time her claim for damages accrued. It is to be noticed that the residence of the claimant at the time of the presentation of the claim must be stated specifically ''by street and number,'' but it is not required, in terms, that such a specific statement of the residence of the claimant, during the six months' period preceding the accrual of the claim for damages, be made.

Miss Eastwood's injury occurred, which, of course, was the accrual of her claim, on October 24, 1930. Her claim was presented to the city council on November 20, 1930, so it is plain that she, in effect, by her claim, stated her residence to be in Seattle for a period of more than six months prior to the accrual of her claim. So our problem is as to whether or not the mere statement of her residence in Seattle for that period preceding the accrual of her claim is sufficiently specific to comply with the above quoted statutory requirement.

In view of our repeated holdings that damage claims of this nature are to be liberally construed, we are of the opinion that the statement of this claim that Miss

Eastwood was a resident of Seattle "for more than a year last past" constitutes a substantial compliance with the statute. See *Lindquist v. Seattle,* 67 Wash. 230, 121 Pac. 449; *Frasier v. Cowlitz County,* 67 Wash. 312, 121 Pac. 459; *Decker v. Seattle,* 80 Wash. 137, 141 Pac. 338; *Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916E, 720; *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43; *Green v. Seattle,* 146 Wash. 27, 261 Pac. 643; *Lund v. Seattle,* 163 Wash. 254, 1 P. (2d) 301.

It is further contended in behalf of the city that the trial court should have entered judgment in its favor in accordance with the verdict, because the city was, at all events, entitled to such a judgment as a matter of law; and that, therefore, the court erred in awarding a new trial.

At the conclusion of the evidence introduced in behalf of Miss Eastwood, and also at the conclusion of all of the evidence, the city, by appropriate motions, challenged the sufficiency of the evidence to support any recovery against it, upon the ground of want of proof of the city's negligence, and also upon the ground of conclusive proof of Miss Eastwood's negligence as the proximate cause of her injury. The trial court overruled these motions and submitted the cause to the jury. The jury having returned a verdict in favor of the city, the court awarded to Miss Eastwood a new trial, apparently upon the ground of the verdict being against the weight of the evidence.

The accident happened on the westerly pedestrian crossing of the intersection of Westlake avenue and Pine street, in Seattle. Westlake avenue runs approximately north and south, while Pine street runs approximately east and west. This is sufficiently accurate for present purposes. There are double street car tracks upon both Westlake avenue and Pine street,

passing over this intersection. These tracks are connected by curved tracks within the intersection, enabling cars proceeding south on Westlake avenue to turn west onto Pine street, and also enabling cars proceeding east on Pine street to turn north onto Westlake avenue.

Just before the accident, Miss Eastwood was at the curb of the west pedestrian crossing of the intersection, waiting for the green light, which hung over the center of the intersection, to open the way for vehicle and pedestrian traffic to proceed north and south. She then proceeded south along the pedestrian crossing. It had been raining, and the pavement was in such condition as to suggest to her the necessity of moving cautiously as to where she should step.

While she was so proceeding, a street car of the city, evidently starting about the same time she did, proceeded from its stopping place on Westlake avenue, just north on Pine street, around the curve westerly onto Pine street. She was struck by the right front corner of the car just as she reached or came very near to the north rail of the north track. She fell, and was caught under the front end of the car and dragged for a short distance along, or just north of, the north rail. She was so dragged some thirty to fifty feet before the car was stopped. There was no bell or other warning sounded from the car.

These facts were supported by substantial evidence, though, as to some of them, the evidence was in conflict. If the street car had approached her directly from the east, straight across the intersection, there would be some substantial ground for arguing that she was guilty of such contributory negligence in her approach to the track as to prevent her from recovering as a matter of law; but in view of the manner of the approach of the car to the pedestrian crossing, and

its operator failing to sound any bell or warning, we agree with the trial court that it cannot be so decided as a matter of law.

It seems to us that the relative rights and obligations of Miss Eastwood and the street car were, under all the circumstances, such that both the negligence of the operator of the street car and the contributory negligence of Miss Eastwood became questions of fact for decision by the jury, and not questions of law for decision by the court. So we are of the opinion that the court did not err in refusing to render judgment in favor of the city and against Miss Eastwood upon the challenge to the sufficiency of the evidence to support recovery by Miss Eastwood.

The question of whether or not the trial court erred in awarding to Miss Eastwood a new trial upon the theory of the verdict being against the weight of the evidence, involves only a matter of discretion on the part of the trial court. It seems to us plain that there was no abuse of such discretion.

The judgment is affirmed.

ALL CONCUR.