[No. 26262. Department Two. March 25, 1937.]

JOHN SOPCHAK, *Appellant*, v. THE CITY OF TACOMA, *Respondent*. [1]

*P. L. Pendleton* and *W. G. Palmer*, for appellant.

*Howard Carothers, Bartlett Rummel*, and *George F. Abel*, for respondent.

ROBINSON, J.—This is an action sounding in tort brought against a city of the first class. The sole question presented on appeal is whether or not the

[1]Reported in 66 P. (2d) 302.

claim filed by the appellant, as a condition precedent to bringing the action, complies with Rem. Rev. Stat., §§ 9478-9480 [P. C. §§ 703-704a], and § 133 of the charter of the city of Tacoma.

Section 9478 [P. C. § 703] requires claims sounding in tort against cities of the first class to be filed with the city clerk, in compliance with the charter provisions of such city, and to contain, *"in addition to the valid requirements of such city charter relating thereto,"* certain other data prescribed therein.

Section 9479 [P. C. § 704] provides that such claims *"shall conform to and comply with such charter provisions."*

Section 9480 [P. C. § 704a] declares that compliance with §§ 9478-9480 shall be mandatory.

Section 133 of the charter of Tacoma reads, in part, as follows:

"Such claim shall accurately state the time, place, cause, nature and extent of the alleged damages *and give the actual residence of the claimant by street and number at the date of presenting such claim, and for six months immediately prior to the time such claim for damages accrued,* and shall be verified by affidavit of the claimant . . ."

Appellant was injured on December 27, 1932. He filed his claim on January 25, 1933. In so far as it relates to residence, it reads as follows:

"I, the undersigned, John Sopchak, aver that I reside at 2547 South G. Street, Tacoma, Washington, and that I am a citizen of the State of Washington, and City of Tacoma, Washington; that I am thirty-two years of age, a single man, and have resided in Tacoma thirty-one years, having been born in Marinette, Wisconsin, September 4, 1900."

The sole question presented, as now reduced and simplified, is: Does the claim give the residence of the claimant by street and number for six months

immediately prior to the date such claim for damages accrued? The trial court held that it did not.

It is evident that no other holding was possible. The claim does not state the actual residence of the claimant by street and number for six months immediately prior to the time such claim for damages accrued, as required by the city charter. Appellant insists that the trial court could have, and should have, supplied the deficiency by resorting to liberal construction, citing *Eastwood v. Seattle,* 169 Wash. 680, 14 P. (2d) 1116. But there is no language in the claim in this case even remotely purporting to state the claimant's residence by street and number during the six months' period. Data not already included therein in some form cannot be supplied by any method of construction, however liberal.

The judgment is affirmed.

STEINERT, C. J., TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.