[No. 28040. Department Two. August 20, 1940.]

IRENE DUSCHAINE, *Appellant,* v. THE CITY OF EVERETT, *Respondent.*[1]

*Verne C. Henry* and *Wm. A. Johnson,* for appellant.

*Jesse H. Davis* and *Parker Williams,* for respondent.

STEINERT, J.—Plaintiff brought suit to recover damages for personal injuries alleged to have been sustained by reason of the defective condition of a city street. Demurrers to the complaint and to an amended complaint, respectively, were sustained, and plaintiff having elected to stand upon her amended pleading,

[1]Reported in 105 P. (2d) 18.

judgment of dismissal was entered. Plaintiff has appealed.

The only question involved in this case is whether or not the notice of claim for injuries, filed by appellant with respondent city, sufficiently complied with the necessary legal requirements.

Rem. Rev. Stat., § 9478 [P. C. § 703], provides that, when a claim for damages sounding in tort against any city of the first class is presented to, and filed with, the city clerk or other proper officer, in compliance with valid provisions of the city's charter, such claim must contain, in addition to such charter provisions,

". . . a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued."

Rem. Rev. Stat., § 9479 [P. C. § 704], provides that the statutory requirements shall be in addition to any valid charter provisions, and that, in all other respects, the claim for damages shall conform to and comply with such provisions of the charter. Rem. Rev. Stat., § 9480 [P. C. § 704a], provides that compliance with the statutory requirements above mentioned shall be mandatory upon claimants for damages.

Section 145 of the charter of the city of Everett, a city of the first class, provides that claims for personal injuries shall contain, among other things,

". . . a statement of the actual residence of the claimant by street and number at the time of presenting and filing the claim, and the actual residence of such claimant for six months immediately prior to the time such claim for damage accrued,"

which provision, it will be noted, is almost identical with the provision quoted above from Rem. Rev. Stat., § 9478.

The pertinent portion of appellant's claim reads:

"That she is now a resident of the City of Everett, Washington, and residing at 1510 Chestnut St. *and prior thereto resided at route number 1, Marysville, Washington.*" (Italics ours.)

The precise question before us is whether or not the claim sufficiently designates appellant's residence during the six-month period specified in the statute and the charter.

The original complaint contained no allegation concerning residence, except by a reference to, and incorporation of, the claim, attached as an exhibit to the pleading. The amended complaint, however, contained an affirmative allegation that,

". . . for more than six months prior to the time her cause of action for damages accrued her residence was 1510 Chestnut Street, Everett, Washington and route number 1, Marysville, Washington."

In quoting the affirmative allegation of the amended complaint, we do not mean to infer that it is to be read into the claim as an amendment thereof, or as remedying any inherent defect therein; our purpose is merely to present a fact admitted by the demurrer to the amended complaint. We are aware that the question presented for decision is whether or not the claim *as filed* meets the requirements of the law.

Affirming the imperative declaration of Rem. Rev. Stat., § 9480, we have repeatedly held that the requirements of Rem. Rev. Stat., § 9478, and the valid requirements of city charters relating to the presentation of claims, are mandatory, and compliance therewith is a condition precedent to the bringing or maintenance of an action. *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840; *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Connor v. Seattle,* 76 Wash. 37, 135 Pac. 617; *Benson v.*

*Seattle,* 78 Wash. 541, 139 Pac. 501; *Hall v. Spokane,* 79 Wash. 303, 140 Pac. 348; *Jorguson v. Seattle,* 80 Wash. 126, 141 Pac. 334; *Walters v. Tacoma,* 88 Wash. 394, 153 Pac. 311; *Barton v. Seattle,* 114 Wash. 331, 194 Pac. 961.

However, we have as frequently and just as positively declared that claims of the character involved here, as well as statutory and charter provisions respecting their presentation, are to be construed liberally, or, as sometimes said, with that liberality, at least, which is accorded to a pleading. *Lindquist v. Seattle,* 67 Wash. 230, 121 Pac. 449; *Frasier v. Cowlitz County,* 67 Wash. 312, 121 Pac. 459; *Melovitch v. Tacoma,* 135 Wash. 533, 238 Pac. 563; *Solastic Products Co. v. Seattle,* 144 Wash. 691, 258 Pac. 830; *Green v. Seattle,* 146 Wash. 27, 261 Pac. 643; *Lund v. Seattle,* 163 Wash. 254, 1 P. (2d) 301; *Eastwood v. Seattle,* 169 Wash. 680, 14 P. (2d) 1116; *Washington v. Seattle,* 170 Wash. 371, 16 P. (2d) 597, 86 A. L. R. 113.

The rule consistently followed by this court is that *literal* compliance with legislative and charter provisions respecting the presentation of claims for tort against a municipality is not demanded; only *substantial* compliance is required. *Frasier v. Cowlitz County,* 67 Wash. 312, 121 Pac. 459; *Decker v. Seattle,* 80 Wash. 137, 141 Pac. 338; *Bane v. Seattle,* 80 Wash. 141, 141 Pac. 339; *Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916E, 720; *Maggs v. Seattle,* 86 Wash. 427, 150 Pac. 612; *Murray v. Seattle,* 96 Wash. 646, 165 Pac. 895; *Richardson v. Seattle,* 97 Wash. 521, 166 Pac. 1131; *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43; *Eastwood v. Seattle,* 169 Wash. 680, 14 P. (2d) 1116.

The theory upon which this court has proceeded in adopting the rule of substantial compliance is aptly stated in *Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916E, 720, as follows:

"The obvious purpose of these charter and statutory provisions is to insure such notice to the city as to enable it to investigate the cause and character of the injury, and where there is a *bona fide* attempt to comply with the law, and the notice filed actually accomplishes its purpose of notice, it is sufficient though defective in some particulars. [Citing authorities.]"

Upon that theory, claims have been held by this court to be valid and sufficient despite the presence of the following types of technical defects: Where the claim spoke as of the date of verification, and not as of the date of filing, and was presented and filed three days after the date of verification (*Decker v. Seattle,* 80 Wash. 137, 141 Pac. 338); where, in a similar situation, the claim was not filed until thirteen days after the date of verification (*Maggs v. Seattle,* 86 Wash. 427, 150 Pac. 612); where the claim omitted the name of the city in which the claimant resided, but the venue of the jurat to the claim indicated the county, and the claim was filed with the proper city clerk (*Bane v. Seattle,* 80 Wash. 141, 141 Pac. 339); where the claimant's street number was erroneously given as "218" instead of "208" (*Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916E, 720); where the claim merely recited that the claimant had resided at a particular address "during" the requisite period (*Richardson v. Seattle,* 97 Wash. 521, 166 Pac. 1131); where the claim, after giving the claimant's present address, recited that claimant had lived "in Seattle fifteen years prior to her injury" (*Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43); and where the claim gave the name of the city, but failed to give the street and number of plaintiff's prior residence (*Eastwood v. Seattle,* 169 Wash. 680, 14 P. (2d) 1116).

Respondent puts considerable stress upon the case of *Barton v. Seattle,* 114 Wash. 331, 194 Pac. 961, in which this court affirmed a dismissal of the case

" . . . because the notice did not state the residence of the claimants or either of them, for six months immediately prior to the time the claim for damages accrued."

But in that case, it appeared, as the opinion recites, that there was an *entire* failure to give the claimants' residence for the six-month period. The opinion, moreover, specifically distinguished that case and similar cases from those cases where, so far from failing entirely to give the requisite information, there had been an honest attempt to comply with the statute, and no intent to mislead was evident. That distinction was subsequently noted in a very pointed paragraph contained in *Zettler v. Seattle,* 153 Wash. 179, 279 Pac. 570, as follows:

"That holding [referring to the Barton case] cannot, and ought not to, be construed as in any manner overruling or limiting the prior decisions of this court which are there cited and distinguished. The doctrine of those prior cases excusing honest mistakes was reaffirmed long after the *Barton* decision in *Green v. City of Seattle,* 146 Wash. 27, 261 Pac. 643. We therefore hold that the *Barton* case is applicable only where there is an entire failure to state the residence, and has no application where an honest effort has been made to state the residence, as the law requires, in the written claim. Therefore the trial court did not err in admitting the written claim in evidence."

Reverting now to the claim filed in the case at bar, it will be seen that appellant stated her actual residence by street and number at the time of filing her claim, and also stated her prior residence, but failed to state that the two addresses were the only places at which she had resided during the six-month period.

Had the claim recited claimant's residence at the time of presentment only, then, under the holdings of the *Barton* case and similar cases, the claim would

clearly have been insufficient, even though that same address might, as a matter of fact, also have been her residence för six months prior to the accrual of the right of action.

In this case, however, we do not have a situation where there has been an *entire* failure to give the required information relative to the designated period prior to the date of the injury. It is, rather, a situation, we think, where the language used by the claimant to express her meaning is inexact and ambiguous, but not wholly deficient in scope and purport. It is quite conceivable that one not versed in technicalities or accustomed to make fine distinctions in the use of words might, when called upon to state his residence during a certain period, simply denote the location, intending thereby to imply, without expressly so stating, its fixity for the specified period. When we consider appellant's statement regarding her prior residence in the light of the actual facts as admitted by the demurrer, we are convinced that there was, in this instance, an honest attempt to comply with the provisions of the statute and the charter. Appellant had actually been living at the street addresses stated during the six-month period in question, and there is nothing to indicate bad faith on her part in wording the claim as she did. Nor is there anything from which it can be said that respondent city has been misled.

The problem presented here suggests to us an answer similar to that made by this court in the case of *Maggs v. Seattle*, 86 Wash. 427, 150 Pac. 612, wherein the defect in the claim related to the verification. We there said:

"Since the sole purpose of the filing of the claim is to give notice to the city and enable it to investigate both the claim and the claimant while the facts are comparatively recent, it is obvious that any *bona fide* effort on the part of the city to avail itself of the notice

by making an investigation will, in any case, develop the fact that the claimant either did or did not reside at the place given in the notice at the time when the claim was filed. This meets every purpose of the act. *Wagner v. Seattle* [84 Wash. 275], *supra.* If it then transpires that the claimant did not reside at the given place when the claim was filed, proof of that fact would invalidate the notice and defeat the action. On the other hand, if it be found that he did then reside at the given place, the city can reap every benefit which such a notice, whensoever verified, could confer."

So here, any bona fide effort on the part of the city to avail itself of the notice by making an investigation will disclose whether or not appellant actually resided at the given addresses for the six-month period, and will enable the city either to reap every benefit of a valid notice or to take advantage of any discovered fact that would render the notice invalid because of its noncompliance with the statute and charter provisions.

The case upon which respondent most confidently relies, and one, no doubt, that largely influenced the trial court, is the recent case of *Sopchak v. Tacoma,* 189 Wash. 518, 66 P. (2d) 302. We regard the opinion in that case as entirely sound; and while, upon a cursory reading, it may seem to be somewhat at variance with our present holding, a careful study of the opinion, having in mind the facts and the particular provisions of the charter on which it was based, will reveal a clear distinction, we believe, between that case and this.

In the *Sopchak* case, the city charter provided that the claim

" ' . . . shall . . . give the actual residence of the claimant *by street and number* at the date of presenting such claim, *and for six months immediately prior to the time such claim for damages accrued.*' "

The claim failed to state claimant's residence, *by street and number* during the six-month period.

As stated in that opinion, the sole question presented and decided was:

"Does the claim give the residence of the claimant *by street and number* for six months immediately prior to the date such claim for damages accrued?" (Italics ours.)

After reciting the statutory and charter provisions, the opinion held that the claim was deficient in that it failed to give the street and number of claimant's residence during the six-month period, and that data not included therein could not be supplied by any method of construction, however liberal. In other words, that was a case in which the charter required that the *claim itself* must state the street and number of claimant's residence during the six-month period, and no amount or kind of construction could supply what, on its very face, the claim did not contain.

We have no such situation in the case at bar, and hence that decision is not controlling here. In the instant case, the essential data were actually supplied though imperfectly stated. Under the rule of liberal construction, we hold that a reasonable interpretation of the language of the claim before us is that the two addresses there given were the only places at which the claimant had resided for six months prior to the time of the accrual of her right of action.

The judgment is reversed, with direction to the trial court to overrule the demurrer.

BLAKE, C. J., BEALS, JEFFERS, and DRIVER, JJ., concur.