[No. 28242. *En Banc.* June 16, 1941.]

CAROL ANN JOHNSON, *by Harold A. Johnson, her Guardian ad Litem, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 114 P. (2d) 972.

*Ralph B. Potts* and *H. Orley Solomon,* for appellant.

*A. C. Van Soelen* and *C. C. McCullough,* for respondent.

BEALS, J.—Plaintiff, Carol Ann Johnson, a minor, by her guardian, Harold A. Johnson, instituted this action against the city of Seattle, seeking damages on account of personal injuries suffered as the result of being struck by a stone projected from a street surface by a passing automobile. In the complaint it was alleged that the city had been negligent in permitting rocks and pebbles to accumulate upon the traveled portion of Highland drive, a public street of the city. Attached to the complaint is a copy of the claim filed with the city on plaintiff's behalf. In this claim, after stating plaintiff's residence, it is alleged that Highland drive is a regularly dedicated public street of the city, and that, at the intersection of the highway named with Holden street, the city had permitted rocks and small boulders to accumulate on the street from Hanford street past Othello street. The claim continued by alleging knowledge on the part of the city of the dangerous situation, and the injury to the plaintiff which resulted in damage.

From the bill of exceptions which is before us, it appears that the case was called for trial, and that, upon plaintiff's counsel offering in evidence the claim which had been filed on plaintiff's behalf against the city, the defendant interposed an objection, upon the ground that the claim was defective in describing the alleged street defect as having existed on Highland drive, near the intersection of Othello street; that it was thereupon stipulated by counsel for the respective parties "that said location was a non-existent place,

and it was further stipulated that the accident occurred at Highland Park way near west Othello street"; whereupon the court sustained defendant's objection to the introduction of the claim in evidence, to which ruling plaintiff excepted. It further appears from the bill of exceptions that defendant then moved for a nonsuit and a dismissal of the action with prejudice, and that after argument the court granted the motion. From an order dismissing the action, plaintiff has appealed.

The sole question presented is the ruling of the trial court sustaining respondent's objection to the admission in evidence of the claim which describes the accident as having taken place on Highland drive near the intersection of Holden, Hanford, and Othello streets. The parties stipulated in open court that the claim as drawn describes a nonexistent place, the accident in fact having occurred on Highland Park way near west Othello street.

It is alleged in the claim that Highland drive is hard surfaced to a width of eighteen or twenty feet with a gravel shoulder of approximately the same width on the east side of the pavement; that the street runs from north to south in an ascending grade; that, near its intersection with Holden street, there had been in operation for several months prior to the date of the accident a WPA project in the nature of sewer construction; and that, as the result of work done in carrying out this project, a large amount of rocks and pebbles had accumulated on the street and pavement, and had been allowed by the city to remain thereon.

Appellant, while admitting that the description of the scene of the accident contained in the claim described a nonexistent place, argues that, from the claim, the city received sufficient notice to enable the city without difficulty to determine the place where

the accident occurred, particularly in view of the fact that the claim refers to the work done pursuant to the WPA project.

◼ Referring to claims against municipalities, this court has held that the statute requiring that such claims be filed [Rem. Rev. Stat., § 9478] should be liberally construed, and that, when the notice is of such a character as to put the city in a position to make necessary investigations and protect its rights, the underlying purpose of the statute is accomplished. *Lindquist v. Seattle,* 67 Wash. 230, 121 Pac. 449; *Maggs v. Seattle,* 86 Wash. 427, 150 Pac. 612; *Barton v. Seattle,* 114 Wash. 331, 194 Pac. 961. It does not appear that, in any of the cases cited above, the description of the place of the accident was incorrect. Appellant also relies on the text of White on Negligence of Municipal Corporations 808, § 676.

Appellant relies upon the case of *Hammock v. Tacoma,* 40 Wash. 539, 82 Pac. 893. It appeared that, in the claim which the plaintiff had filed, the accident was described as having happened upon a sidewalk on the east side of J street, halfway between south Forty-first street and south Forty-second street, in the city of Tacoma. Upon the trial, it appeared that south Forty-second street did not intersect J street, and that the accident had taken place on J street between Forty-first and Forty-third streets. It was held that the discrepancy was insufficient to defeat plaintiff's cause of action, as the city could not have been misled in discovering the actual place of the accident on the east side of J street, south of south Forty-first street, and halfway between that street and the next intersecting street, which was south Forty-third street, instead of south Forty-second street. Such a trifling inaccuracy, which could nowise mislead the city or render the dis-

covery of the scene of the accident even difficult, should not defeat a claim otherwise sufficient.

Appellant also cites the case of *Ellis v. Seattle*, 47 Wash. 578, 92 Pac. 431, in which the claim described the place of the accident as on the west side of Westlake avenue, between Thomas and John streets, on or near the westerly street car tracks, and near No. 228 Westlake avenue. Upon the trial it was discovered that, in fact, the accident occurred on the east side of the named street, instead of on the west. The trial court held the variance between the claim and the proof fatal, and dismissed the action. On appeal, after stating the facts, it was intimated that the city claim agent might reasonably have been excused from examining the east side of the street, had the notice not stated that the accident happened near No. 228 Westlake avenue, which number is on the east side of the street, but that with such a specific location, the claim was sufficient. The order dismissing the case was reversed, and a new trial ordered.

The two cases last cited do not support appellant's contention in the case at bar. In each case it appeared that the accident was correctly located with considerable particularity, upon the street where it actually occurred. An entirely different situation is presented in the case at bar.

In the case of *Solastic Products Co. v. Seattle*, 144 Wash. 691, 258 Pac. 830, this court held claims for damages sufficient, even though the operations conducted by the city which resulted in the alleged damage were not described in the claim filed as they were in the later complaint based thereon. This court reiterated the view that claims should be liberally construed, but the case is not in point here, as the defect in the claim consisted merely of an inaccurate description of the

exact negligence of the city in conducting a sluicing operation which resulted in damage to the claimant.

In the recent case of *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18, this court held a claim against the city sufficient, even though it failed to comply strictly with the requirement that the claim state the claimants' residence both at the date of filing the claim and for six months immediately prior to the time the alleged damages accrued. In the case cited, we reviewed our different decisions in connection with the question presented, and again stated the rule that only substantial compliance with the legislative and charter provisions respecting the presentation of claims for tort against a municipality is required. Again the case is not controlling here, as the alleged defect in the claim concerned merely a statement concerning the claimant's residence, which it appeared was sufficiently described.

In the case at bar, the claim stated that the accident occurred on Highland drive near the intersection of Othello street. As above stated, it is stipulated that the accident in fact occurred on Highland Park way near west Othello street. It is not contended that the street known as Highland Park way is a branch or extension of, or is located near any street which is designated as Highland drive.

Article 4, § 29, of the charter of the city of Seattle provides, *inter alia,* that all claims such as that with which we are here concerned "must accurately locate and describe the defect that caused the injury."

In the case of *Walters v. Tacoma,* 88 Wash. 394, 153 Pac. 311, it appeared that a claim for personal injuries was filed against the city, the claim describing the place where the injury occurred as " 'on the north side of south Twenty-fourth street on the board sidewalk between Ferry and Sprague streets in said city.' " In

the complaint based upon the claim, it was alleged that the accident in fact occurred on the north side of south Twenty-fifth street between the intersecting streets above named, the complaint continuing:

" 'Said claim being, through some inadvertence, but through no fault of his, erroneous as to the number of said street, and naming the place as on south twenty-fourth street, when in fact no such street existed between Ferry and Sprague streets in the defendant city, and the defendant city by its officers and agents having actual knowledge of this fact, and having actual knowledge on the following 26th day of September, 1914, of the plaintiff's injuries and of the time and exact place where they were received, and being apprised of all these facts, the defendant council rejected plaintiff's claim.' "

The trial court having sustained a demurrer to the complaint and dismissed the action, the plaintiff appealed. The charter of the city of Tacoma required that the claimant " 'state the time, place, cause, nature and extent of the alleged injuries so far as practicable.' " After discussing several prior decisions of this court, in which claims were held sufficient, it was held that the claim then before the court was insufficient, and the order dismissing the action was affirmed.

In the case cited, the complaint alleged actual notice on the part of the city as to the place where the accident occurred. The claim stated that the accident occurred on a named street, when as a matter of fact no such street existed between the intersecting streets designated. Of course, then, assuming that the intersecting streets were properly named, the accident might have occurred on any street which crossed the two intersecting streets. The case at bar resembles the case cited, in that a nonexistent street intersection was designated in the claim as the place of the accident.

Appellant argues, however, that the claim should be held sufficient, as from statements in the claim the

city could have ascertained the place where the injury occurred. By the stipulation of the parties, it was agreed that the accident in fact occurred on Highland Park way, near the intersection of that street with west Othello street. The claim refers to Highland drive as intersecting Othello, Holden, and Hanford streets. The claim itself suggests some confusion in the names of the two latter streets, and probably only Holden street was intended. The place where the injury in fact occurred is certainly not described in the claim, no such place as that described being in existence.

We are not disposed to construe the claim provisions of the statute and city charter more strictly than heretofore, but while it is probable that, by the exercise of some degree of imagination and by some geographical study and investigation upon the ground, the city might have concluded that the accident occurred on Highland Park way, we are convinced that it must be held that the claim filed by appellant fails to comply with the charter provision above quoted, and that, upon the record as made, the trial court properly refused to receive the claim in evidence. The charter provision that the claim must accurately locate and describe the defect that caused the injury complained of, is a reasonable provision. It more nearly partakes of the essence of the matter than the provision requiring a precise statement of the place or places of the claimant's residence for a considerable period prior to the accrual of the claim. While minor inaccuracies may be disregarded, the mistakes in the claim now before us do not fall within any such classification.

The order dismissing appellant's action is accordingly affirmed.

ROBINSON, C. J., BLAKE, MAIN, SIMPSON, and JEFFERS, JJ., concur.

MILLARD, J. (dissenting)—In the claim made by the appellant, the place where the accident happened is described as follows:

"That as above alleged Highland Drive is a regularly dedicated and used public street in the City of Seattle; that the same is hard-surfaced for approximately eighteen to twenty feet wide with a gravel shoulder of approximately the same width on the east side of said pavement; that said highway runs from north to south in an ascending grade; that at the intersection of Holden Street, or within a few yards thereof, with the said Highland Drive, there has been under construction for some months prior to the accident a WPA project, which project is in the nature of sewer construction, tunnelling under said pavement of Highland Drive; that rocks, pebbles and a large amount of gravel have been thrown out of said ditch and tunnel and have been allowed by the city to roll down and cover said pavement; that gravel, rocks and small boulders of different sizes have been allowed by the city to be brought in and dumped on the gravel shoulder of said street, and that rocks, boulders and pebbles from said shoulder have been allowed to accumulate on said pavement; that for the last four (4) months this aggregation of pebbles, rocks, gravel and boulders has been allowed to accumulate on the paved portion of said Highland Drive, extending from Hanford Street north and down the hill past Othello Street; that said condition has been dangerous to the life and limb of both the users of the highway and motor cars and pedestrians walking along the side of the highway and the stores and homes bordering said highway; that the said City of Seattle, a municipal corporation, has had knowledge of said condition, or should have had knowledge of said dangerous condition of said highway, but has refused and neglected to sweep said rocks, pebbles and boulders from said highway; that as a result of the failure of the city to maintain said street, to-wit: Highland Drive, safely and keep the same in a reasonably safe condition, that passing automobiles throw rocks and pebbles into and through the windshields and doors of passing cars, and against the

buildings bordering said highway, and also against pedestrians walking along the edges of said highway."

The street is erroneously described as Highland drive when its true name is Highland Park way. The description of the street shows that it is hard-surfaced for a width of eighteen to twenty feet with a gravel shoulder of about the same width on the east side of the pavement; that the course of the highway is from north to south in an ascending grade; that, at the intersection of Holden street, or within a few yards of that intersection with Highland drive, there had been under construction for some months prior to the accident a WPA project; that the WPA project was in the nature of sewer construction, tunneling under the pavement; that rocks, pebbles and a large amount of gravel had been thrown out of the ditch and tunnel and had been permitted by the city to roll down and cover the pavement.

No representative of the city could be deceived by the description in the claim and no other location in the city of Seattle, other than the one where the accident occurred, would be picked by any representative of the city, although the street upon which the defect existed was named in the claim as Highland drive instead of Highland Park way, and west Othello street was named as one of the intersecting streets in the claim while the name is Othello street on the city map. Othello street is only one of the streets, described in the claim, which intersects Highland Park way. Another street named in the claim, Holden street, sufficiently apprises the city's representatives of the site of the accident. There is no street, other than Highland Park way, in the city of Seattle with the name Highland anywhere in the name of the street which is intersected by two streets of the same names as Othello street and Holden street.

Other physical characteristics of this street are recited in the claim which could not apply to any other street; hence, the city could not complain that it was misled.

In *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18, we cited opinions of this court in which we had held that the requirements of the statute and the valid requirements of city charters relating to the presentation of claims are mandatory and that compliance with such requirement is a condition precedent to the maintenance of an action on such claim. We stated, however, that we had as frequently and just as positively held that claims of the character involved in that case (which are of the same character as the claim in the case at bar), as well as statutory and charter provisions respecting their presentation, are to be construed liberally or with that liberality, at least, which is accorded to pleading.

"The rule consistently followed by this court is that *literal* compliance with legislative and charter provisions respecting the presentation of claims for tort against a municipality is not demanded; only *substantial* compliance is required. *Frasier v. Cowlitz County,* 67 Wash. 312, 121 Pac. 459; *Decker v. Seattle,* 80 Wash. 137, 141 Pac. 338; *Bane v. Seattle,* 80 Wash. 141, 141 Pac. 339; *Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916E, 720; *Maggs v. Seattle,* 86 Wash. 427, 150 Pac. 612; *Murray v. Seattle,* 96 Wash. 646, 165 Pac. 895; *Richardson v. Seattle,* 97 Wash. 521, 166 Pac. 1131; *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43; *Eastwood v. Seattle,* 169 Wash. 680, 14 P. (2d) 1116.

"The theory upon which this court has proceeded in adopting the rule of substantial compliance is aptly stated in *Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916E, 720, as follows:

" 'The obvious purpose of these charter and statutory provisions is to insure such notice to the city as to enable it to investigate the cause and character of the injury, and where there is a *bona fide* attempt to com-

ply with the law, and the notice filed actually accomplishes its purpose of notice, it is sufficient though defective in some particulars.' " *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18.

In the case at bar, the appellant gave to respondent city such notice as enabled the city to investigate the cause and character of the injury. It is not disputed that there was a good faith attempt to comply with the requirement relating to presentation of a claim. It follows, if the letter and the spirit of the recent opinion of this court in *Duschaine v. Everett, supra,* are not to be disregarded, that the claim filed by appellant actually accomplished its purpose of notice; hence, it is sufficient, though defective in some particulars.

The judgment should be reversed and the cause remanded for trial on its merits.

STEINERT and DRIVER, JJ., concur with MILLARD, J.

