[No. 31119. Department Two. October 3, 1949.]

ANNA BRIGHAM et al., *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 210 P. (2d) 144.

*Roy E. Jackson,* for appellants.

*A. C. Van Soelen* and *C. C. McCullough,* for respondent.

MALLERY, J.—This is an appeal from a judgment notwithstanding the verdict of seven hundred fifty dollars for appellant on a tort claim against the city of Seattle. The question is whether the claim complies with statutory and charter provisions establishing prerequisites to the maintenance of such an action.

Rem. Rev. Stat. § 9478 [P.P.C. § 368-1], reads:

"Whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, in compliance with valid charter provisions of such city, such claim must contain, in addition to the valid requirements of such city charter relating thereto, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; *and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued.*" (Italics ours.)

Section 24 of the Seattle charter, reads in part as follows:

"Sec. 24.—CLAIMS FOR DAMAGES . . . All such claims for damages must . . . give the residence for six months last past of the claimant, . . . *No action shall be maintained against the city for any claim for damages until the same has been presented to the city council,* and sixty days have elapsed after such presentation." (Italics ours.)

Rem. Rev. Stat., § 9480 [P.P.C. § 423-51], reads:

"Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

Section 23 of the Seattle charter reads:

"Sec. 23.—INVALID CLAIMS. Neither the city council nor any officer, board, department or authority shall allow, make valid or in any manner recognize any demand against

the city which was not at the time of its creation a valid claim against the same, nor shall they or any of them ever allow or authorize to be paid any demand which, without such action, would be invalid, or which shall then be barred by any statutes of limitation, or for which the city was never liable, and any such action shall be void."

Appellant admits that the only reference to her residence in her claim is:

"Comes now Anna Brigham, 3710 Wallingford Avenue, Seattle, Washington, and makes claim for damages as a result of personal injuries suffered by reason of the neglect of the City of Seattle on February 6, 1948."

Does this language *state* the actual residence of the appellant for six months immediately prior to the time her claim for damages accrued?

Appellant contends that she complied with § 24 of the charter because she "gave" her residence and because, in fact, that had been her residence for six months last past. She emphasizes that the charter requires her to "give" the residence rather than to state its existence for the required time. This may be conceded, but it does not excuse her failure to comply with Rem. Rev. Stat. § 9478, which does not use the word "give," but requires a statement of the fact of actual residence for six months immediately prior to the injury.

Appellant contends that, when the city's authorized claim agent considers a claim technically defective in form and, after investigation, rejects it without referring to the formal defect, the city thereby waives and is estopped from later asserting the technical defect, when the city cannot show that it was prejudiced, inconvenienced, or misdirected by the defect. The necessary elements of waiver or estoppel are not present, and our Washington cases are all contrary to the Michigan case cited by appellant.

Appellant contends that, on the issue here presented, the court is bound to give a liberal construction to statutes and charter provisions establishing prerequisites to tort actions against municipalities to the end that bona

fide substantial compliance with their requirements will be sufficient.

This contention is succinctly answered in *Sopchak v. Tacoma*, 189 Wash. 518, 520, 66 P. (2d) 302, where it was said that required information which is totally absent from the claim cannot be supplied by any method of construction, however liberal. See, also, *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N.S.) 840; *Connor v. Seattle*, 76 Wash. 37, 135 Pac. 617; *Barton v. Seattle*, 114 Wash. 331, 333-5, 194 Pac. 961; and 130 A. L. R. 139-41.

The liberal construction and substantial compliance cases upon which appellant relies are not in point because, in the instant case, there has been an *entire* failure to comply with the statute, whereas, in them, there was a bona fide but inept attempt made by a statement obviously designed to comply with the statute. *Barton v. Seattle, supra; Zettler v. Seattle*, 153 Wash. 179, 279 Pac. 570; *Duschaine v. Everett*, 5 Wn. (2d) 181, 186, 105 P. (2d) 18, 130 A. L. R. 134; 19 R. C. L. 1044 (7 Perm. Supp. 1448), where many cases are reviewed; *Cook v. Yakima*, 21 Wn. (2d) 810, 814, 153 P. (2d) 279, 38 Am. Jur. 394, where *Sopchak v. Tacoma, supra,* is distinguished.

The rule regarding substantial compliance is stated in *Wagner v. Seattle*, 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916E, 720, and quoted approvingly in *Duschaine v. Everett, supra*:

" 'The obvious purpose of these charter and statutory provisions is to insure such notice to the city as to enable it to investigate the cause and character of the injury, and where there is *a bona fide attempt to comply* with the law, and the *notice filed actually accomplishes its purpose of notice*, it is sufficient though defective in some particulars.' " (Italics ours.)

The rule has two necessary conditions: first, a sufficient bona fide attempt to comply with the law, notwithstanding it is defective in some particular; and second, it must actually accomplish its purpose.

Where there is no attempt to comply with the law, there is nothing to construe. To hold otherwise would abrogate the law.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.