230 P.3d 569 (2010)
168 Wash.2d 540
Marc Stephen RENNER, Respondent,
v.
CITY OF MARYSVILLE, Petitioner.
No. 81959-9.
Supreme Court of Washington, En Banc.
Argued October 22, 2009.
Decided April 1, 2010.
Shannon Mary Ragonesi, Keating Bucklin & McCormack, Seattle, WA, for Petitioner.
Robert S. Bryan, Shafer Moen & Bryan, P.S., Seattle, WA, for Respondent.
*570 C. JOHNSON, J.
¶ 1 This case involves the question of what constitutes substantial compliance under former RCW 4.96.020(3) (2001), the local government tort claim filing statute. Marc Stephen Renner timely filed his claim for wrongful discharge with the city of Marysville but described the damages he would request instead of including a numerical amount, and he included one of his addresses for the six-month period preceding his discharge. The Court of Appeals concluded that Renner substantially complied with the statute, and we granted review on the question of Renner's substantial compliance with the statute. We affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2 On December 2, 2003, the city of Marysville terminated Marc Renner from his position as a computer network administrator, citing Renner's misconduct and insubordination. Renner asserts that he was fired for inquiring about joining a union. On May 25, 2005, Renner filed a wrongful discharge claim with the city, using a form provided by the city. The claim filing statute in effect at the time contained a series of requirements for claims filed with local governments. Former RCW 4.96.020(3) (2001) dictated, in relevant part, that a claim "shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose."
¶ 3 Renner's completed form did not precisely comply with these statutory requirements. First, where the form left a blank for the amount of damages, Renner typed "undetermined pending further investigation and discovery." Clerk's Papers (CP) at 74. Then, where directed to attach documentation relating to expenses and other damages, Renner typed, "Wages and benefits as well known to the city since termination plus front pay, emotional damages, costs, fees and such other damage as determined." CP at 75. Additionally, the single address he provided covered only two of the six months immediately preceding accrual of his claim. CP at 26.
¶ 4 Renner filed his lawsuit on October 21, 2005. At the same time, he served the city with his first set of discovery requests. The city objected to those requests on December 6, 2005, and filed its answer on December 12, 2005, asserting, among others, the affirmative defense of Renner's failure to comply with chapter 4.96 RCW. CP at 83. The city then served Renner with a second set of discovery responses, captioned "Objections," on February 3, 2006, in which it specified that Renner "failed to comply with RCW 4.96 as he did not state an amount of damages or his residences for six months prior to accrual of his claim, and the claim form is not properly verified." CP at 55. Renner's attorney acknowledged that he "overlooked" these latter responses and that he thus failed to correct the deficiencies in Renner's claim.
¶ 5 Almost two years after Renner filed his lawsuit, on July 19, 2007, the city moved for summary judgment on the ground that, among other things, Renner failed to comply with former RCW 4.96.020(3). CP 85-90. The superior court granted summary judgment against Renner and dismissed the action with prejudice on August 21, 2007.
¶ 6 Renner appealed, and the Court of Appeals reversed in a published opinion, holding that Renner substantially complied with the claim filing statute with regard to both residential address and damages. Renner v. City of Marysville, 145 Wash.App. 443, 458, 187 P.3d 283 (2008). The city then sought review with this court, which was granted. Renner v. City of Marysville, 165 Wash.2d 1027, 203 P.3d 382 (2009).

ISSUE
¶ 7 Did Renner substantially comply with the claim filing statute, former RCW 4.96.020, when he described his damages rather than give an actual number and when he failed to include all addresses?

ANALYSIS
¶ 8 We review questions of statutory *571 interpretation de novo.[1]Troxell v. Rainier Pub. Sch. Dist. No. 307, 154 Wash.2d 345, 350, 111 P.3d 1173 (2005).
¶ 9 A local government entity is liable for damages arising from its tortious conduct to the same extent as if it were a private person or corporation. RCW 4.96.010(1). However, prospective plaintiffs must file a tort claim with the local government at least 60 days prior to filing a lawsuit. The purpose of this claim is "to allow government entities time to investigate, evaluate, and settle claims" before they are sued. Medina v. Pub. Util. Dist. No. 1, 147 Wash.2d 303, 310, 53 P.3d 993 (2002). The claim filing statute provides further that it is to be liberally construed such that substantial compliance is satisfactory. RCW 4.96.010(1). The version of the claim filing statute in effect at the time Renner filed his claim, former RCW 4.96.020(3) (2001), provides:
All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose.

(Emphasis added.)
¶ 10 In regard to former versions of the claim filing statute, this court has interpreted "substantial compliance" to require that the claimant make a "bona fide attempt to comply with the law" and that the notice filed "must actually accomplish its purpose." Brigham v. City of Seattle, 34 Wash.2d 786, 789, 210 P.2d 144 (1949). Even when the notice is defective in some respects, we have held it is sufficient if it advances the purpose of the statute. Brigham, 34 Wash.2d at 789, 210 P.2d 144.
¶ 11 The claim filing statute is intended to provide local governments with notice of potential tort claims, the identity of the claimant, and general information about the claim. The legislature illustrated the general nature of this purpose, stating that "[t]he laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory." RCW 4.96.010(1). Under this directive, exact specificity is not required; the claimant simply must provide enough information to put the government on notice of the claim and its contents.

Amount of Damages
¶ 12 The purpose underlying the claimant's statement of his "amount of damages" is to provide the government notice of the type of relief sought. Renner argues that the information he provided constituted adequate notice. He described his damages as "[w]ages and benefits ... since termination," as well as "emotional damages, costs, fees and such other damage as determined." CP at 75. He points out that this information gave the city notice of the nature of his damages, though not the precise numerical figure. The city argues that this data was insufficient because Renner was required to provide the amount he would accept to settle the claim. City of Marysville's Pet. for Review at 7. The city argues that the purpose of the claim filing statute is to allow the local government to settle prior to litigation. Pet. for Review at 6-7. While this is one part of the statutory purpose, the statute also is intended to give the government time to investigate, negotiate, and attempt to settle claims. As a prelude to litigation, the claim filing requirement of a damages statement is not intended to ask the impossible, and the requirement is not equivalent to a final request for relief. In some cases, the exact amount of damages may be uncertain at the time the notice is prepared.
¶ 13 Renner points out that he was unable to calculate his damages accurately at the time he submitted his claim and that the law *572 "should not compel [him] to state a fictitious or untruthful amount." Marc Renner's Resp. to City of Marysville's Pet. for Review at 6. We have recognized the difficulty of quantifying damages before a lawsuit is filed and have not required the claimant to provide a final quantification of damages at this early stage in the proceedings. Because the number a claimant provides is perhaps likely to change as the case progresses, an accurate and complete description of the damages instead of a numberwill often supply the information and notice required by the claim filing statute.
¶ 14 The city's position, that a claimant must provide a reasonable estimate of damages prior to any discovery, is inconsistent with the statutory directive of liberal construction. Under some circumstances, the exact dollar amount sought will be known. In other cases, such precision is not possible. Because the purpose of providing a description of the damages claimed is to give the government general notice and the opportunity to investigate, negotiate, and possibly settle claims, and based on the statute's liberal construction directive, a general description of damages sought fulfills the statute's purpose.
¶ 15 The Court of Appeals noted that Renner provided data sufficient for the city to "calculate an approximate base amount of the claim." Renner, 145 Wash.App. at 458, 187 P.3d 283. We agree. And though the city could not have known with certainty the total amount of damages Renner would request, there is no reason for this uncertainty to impede the city's settlement plans. If, after evaluating the strength of Renner's claim, the city decided to pursue settlement, the lack of a dollar figure would have been unlikely to dissuade it from initiating settlement talks. In fact, the information Renner did provide likely supplied more guidance to help the city evaluate settlement options than an estimated numerical figure that is not binding on the claimant and chosen by reason of procedural necessity. Renner's statement of the nature of damages claimed provided the city with enough information to comply with the statutory purposes and allow the city to investigate and consider settlement of Renner's claim.
¶ 16 This conclusion is not inconsistent with our holding in Caron v. Grays Harbor County, 18 Wash.2d 397, 139 P.2d 626 (1943). In that case, we held that the claimant did not substantially comply with the claim filing requirements when she failed to include several pieces of requested information, including not only the amount of her damages, but also a description of her injury or a description of the defect causing the accident. We emphasized the claimant's failure to provide correct information regarding the equipment defects underlying her accident. The claim in Caron failed to fulfill the purpose of the statute; it did not provide the county with the information necessary to investigate the claim. The present case is distinguishable by the information Renner provided, and the city knew the nature of both its alleged wrongdoing and the damages Renner claims.
¶ 17 The proper inquiry is whether the information the claimant provided fulfills the purposes of the requirement and the claim filing statute, liberally construed. The damages information Renner provided to the city fulfilled the statutory purposes. We hold that Renner substantially complied with the "amount of damages" requirement of former RCW 4.96.020(3).

Statement of Residence
¶ 18 The claim filing statute's requirement for a statement of residence is intended to give the municipality "an opportunity to investigate the claimant as well as his claimed injuries." Nelson v. Dunkin, 69 Wash.2d 726, 728, 419 P.2d 984 (1966). In other words, the notice must identify the person making the claim and provide the information necessary to conduct an investigation of the claimant. If the claimant provides information that fulfills this purpose, he substantially complies with the requirement. The Court of Appeals concluded that the address provided by Renner, where he lived for two months prior to his discharge, fulfilled this purpose and thus could be found to be in substantial compliance with former RCW 4.96.020. Renner, 145 Wash.App. at 456-57, 187 P.3d 283. We agree.
*573 ¶ 19 Renner adopts the Court of Appeals' conclusion that the statute permits a claimant to provide only one address in some circumstances.[2] We approve of this reasoning. The residence requirement functions to provide the government with the identity and location of the claimant. When a claimant resides at the same address for the six months prior to the time his claim arises, only one address is required. And even a claimant who has had multiple addresses during that periodif he makes a bona fide attempt to provide the required informationwill substantially comply when the information provided fulfills the purpose of the statute. Renner supplied the information requested on the claim form, thus demonstrating his bona fide attempt to comply.
¶ 20 The information Renner provided also fulfilled the purpose of the claim filing statute. In support of its holding, the Court of Appeals noted that the city, through exercise of "reasonable diligence," could have easily discovered Renner's previous address. Renner, 145 Wash.App. at 456, 187 P.3d 283. The court adopted the "reasonable diligence" standard from Nelson, 69 Wash.2d at 731-32, 419 P.2d 984. In Nelson, this court, after a survey of relevant cases, concluded that a claimant may substantially comply with the address requirement when the municipality can, by reasonable diligence, determine where the claimant lived during the six months preceding the claim. In this case, the same reasoning applies. The city, based on the claim and with access to additional data as needed, had the information necessary to fully investigate Renner and his claim.
¶ 21 The city in its arguments ignores the intrinsically ad hoc nature of a substantial compliance inquiry, under which we ask whether the purpose of the statute is advanced by the claimant's actions. The claim filing requirement is intended to provide the city with the identity of the claimant and the relief being sought. It cannot and should not be the basis for dismissal of a cause of action under these circumstances.

CONCLUSION
¶ 22 We conclude that Renner substantially complied with the statutory requirements, liberally construed. We affirm the decision of the Court of Appeals and remand this case to the trial court for further proceedings.
WE CONCUR: ALEXANDER, SANDERS, CHAMBERS, OWENS, J.M. JOHNSON, and STEPHENS, JJ.
MADSEN, C.J. (concurring).
¶ 23 Under the substantial compliance doctrine as it applies to the claim filing statute, the court has stated that substantial compliance requires that the claimant make a bona fide attempt to comply with the law. Brigham v. City of Seattle, 34 Wash.2d 786, 789, 210 P.2d 144 (1949). If the notice is defective in some way, it will still be sufficient provided that it serves the purpose of the statute. Id.
¶ 24 I agree with a good deal of what the dissent has to say in this case because in a given case simply stating the name of the claim without much more does not serve the purpose of former RCW 4.96.020(3) (2001). The purposes of the statute are to provide the municipality with sufficient time to investigate, evaluate, and settle claims before a suit is filed. Medina v. Pub. Util. Dist. No. 1 of Benton County, 147 Wash.2d 303, 310, 53 P.3d 993 (2002). Merely stating the claims *574 may not inform the defendant whether settlement is a reasonable option or provide a particularly useful point for negotiations. It would not help a defendant assess what kind of time and effort might be required for a defense if the matter is ultimately litigated.
¶ 25 However, this case is a wrongful termination case and the information that the claimant provided is sufficient to meet the purposes of the statute. The city of Marysville was the claimant's employer and can easily calculate amounts for front pay, back pay, and the like. The city also knows when he was terminated. And, as the majority says, other items of potential damages such as emotional distress damages cannot be known at this point, so providing a figure for these damages would be pro forma at best.
¶ 26 Accordingly, on the facts of this case, I agree with the majority that the information provided satisfies the purposes of former RCW 4.96.020(3). I concur.
FAIRHURST, J. (dissenting).
¶ 27 In the name of liberal construction and substantial compliance, the majority distorts the amount requirement of the claim filing statute, former RCW 4.96.020(3) (2001). By holding that it is sufficient to merely list all the available classes of damages, the majority undermines the legislature's intent to encourage settlement. Because I would hold that Renner's claim form was deficient, I respectfully dissent.
¶ 28 The Washington State Constitution reserves to the legislature the right to "direct by law, in what manner, and in what courts, suits may be brought against the state." CONST. art. II, § 26. The right to sue state and local governments is "created by statute and is not a fundamental right." Medina v. Pub. Util. Dist. No. 1 of Benton County, 147 Wash.2d 303, 312, 53 P.3d 993 (2002).
¶ 29 The legislature has created a claim filing statute that requires plaintiffs to file tort claims with a city 60 days before they may bring an action for damages against that city. RCW 4.96.010(1); former RCW 4.96.020(4) (2001). Among other things, the statute requires a claim to "contain the amount of damages claimed." Former RCW 4.96.020(3). The purpose of the claim filing statute is to allow the city "time to investigate, evaluate, and settle claims." Medina, 147 Wash.2d at 310, 53 P.3d 993. Marc Stephen Renner failed to meet the requirements of the claim filing statute because he listed all of the available classes of damages instead of an amount.[1]
¶ 30 The failure to strictly abide by statutory requirements is not always fatal to bringing a tort claim. The legislature has directed that "[t]he laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory." RCW 4.96.010(1). We have explained that substantial compliance has two requirements. First, there must be a "bona fide attempt to comply with the law." Brigham v. City of Seattle, 34 Wash.2d 786, 789, 210 P.2d 144 (1949). Second, the filing must "actually accomplish its purpose." Id.
¶ 31 The majority asserts that the purpose of requiring an amount of damages in the tort claim "is to provide the government notice of the type of relief sought." Majority at 571 (emphasis added). The majority cites no authority for this proposition nor does the majority give any reason for its conclusion. See id.
¶ 32 The word "amount" means "the total number or quantity: AGGREGATE ...: SUM, NUMBER." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 72 (2002). It is clear from the foregoing definition that an amount is a number. What is unclear is how the majority concludes that the purpose of listing such a number is to provide notice of the type of damages sought. A bare number provides little information about the type of damages from which the number is derived. It seems more reasonable to assume that if the legislature intended claimants to describe the type of damages they sought, the legislature would have simply required them to list *575 the actual categories. Therefore, the majority's conclusion that the purpose of the amount requirement is to provide notice of the type of relief sought makes little sense.
¶ 33 Instead of divining new purposes for old statutes, I would look to the purposes already described. We have previously identified that one purpose of former RCW 4.96.020 is to "encourage negotiation and settlement of claims." Medina, 147 Wash.2d at 313, 53 P.3d 993. Requiring the claimant to submit an amount supports settlement by quickly allowing the city to determine whether the costs of litigation would exceed the claimant's demands or by helping the city to determine how the claimant's requested sum compares to the city's potential exposure. Requiring an amount does not significantly disadvantage a claimant because a claimant's recovery at trial is not limited to the amount claimed. Olson v. King County, 71 Wash.2d 279, 291, 428 P.2d 562 (1967). Instead, the amount listed provides a convenient starting point for negotiation in furtherance of the statute's purpose.
¶ 34 The majority concluded that Renner provided sufficient guidance to facilitate settlement. Majority at 572. Specifically, the majority found that Renner's description of damages was sufficient to "`calculate an approximate base amount of the claim.'" Id. (quoting Renner v. City of Marysville, 145 Wash.App. 443, 458, 187 P.3d 283 (2008)). Curiously, the majority appears to simultaneously pay heed to Renner's claim "that he was unable to calculate his damages accurately at the time he submitted his claim."[2]Id. at 571. Taken together, these beliefs seem to imply that the city would be in a better position to calculate damages than Renner. However, the city would likely be in a worse position to calculate damages in light of Renner's vague claims for emotional damages and "other damage as determined." Clerk's Papers (CP) at 75. While it is true that the city has the benefit of 60 days to investigate the claim prior to Renner's filing his suit, the time provided for the city to investigate the claim should not need to be spent remedying deficiencies in the filing.
¶ 35 The effect of the majority's conclusion is that a claim may now include vague statements seeking all available damages and still satisfy the amount requirement of former RCW 4.96.020(3). The typical measure of damages for a wrongful termination action is back pay and front pay. 16A DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 23.41, at 25-26 (3d ed. Supp.2009). Wrongful termination is treated as an intentional tort, and tort damages, including emotional distress damages, are available. Cagle v. Burns & Roe, Inc., 106 Wash.2d 911, 916, 919, 726 P.2d 434 (1986). Additionally, attorney fees are available for plaintiffs who recover lost wages. RCW 49.48.030. Here, Renner claimed damages for "[w]ages and benefits as well known to the city since termination plus front pay, emotional damages, costs, fees and such other damage as determined." CP at 75. Renner's claim covers all damage categories available for wrongful termination. A municipality is already on notice of the applicable damage categories when it discovers the nature of the cause of action. Accordingly, if the amount requirement of former RCW 4.96.020(3) means anything, it must require more than a vague statement listing all the available damage categories.
¶ 36 The state constitution explicitly grants to the legislature the power to condition suits against the State. CONST. art. II, § 26. The legislature has conditioned the right to sue on the filing of a claim with the city 60 days before bringing suit. RCW 4.96.010(1); former RCW 4.96.020(3), (4). It has placed the burden on the claimant to provide an amount of damages in his or her claim. Former RCW 4.96.020(3). "If this requirement is no longer meaningful, it is for the legislature and not for this court to take it out of the statute." Nelson v. Dunkin, 69 Wash.2d 726, 732, 419 P.2d 984 (1966). Instead, the majority *576 effectively relieves claimants of their duty to provide an amount by allowing them to claim any and all available damages. This interpretation frustrates the statutory goals of negotiation and settlement and should not be adopted. Accordingly, I respectfully dissent.
NOTES
[1] The facts are undisputed in the case before us, so the sole question is whether Renner substantially complied with the claim filing statute.
[2] The requirement that the claimant provide both a current and prior address is one that has undergone a series of statutory changes over the years. Prior to 1993, claims against cities and towns were required to include "a statement of the actual residence of the claimant ...; and also a statement of the actual residence of the claimant for six months immediately prior to the time the claim for damages accrued." Former RCW 35.31.010 (1993), repealed by Laws of 1993, ch. 449, § 3. In 1993, the legislature replaced the separate claim filing statutes for local governments with a unified statute, RCW 4.96.020, which required "a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose." Former RCW 4.96.020(3) (1993) (Laws of 1993, ch. 449, § 3). Liberally construed, this change could be read to dispose of the explicit requirement of two separate statements of residence. The legislature again amended RCW 4.96.020(3) in 2009, changing the requirements for statements of residence. Laws of 2009, ch. 433, § 1. These changes are not analyzed herein.
[1] Additionally, Renner failed to provide his address for the six months preceding accrual of his tort claim. Because I would dispose of this case on the basis that Renner failed to meet the amount requirement of former RCW 4.96.020(3), I do not address the residence requirement.
[2] Renner argues that the law "should not compel [him] to state a fictitious or untruthful amount." Marc Renner's Resp. to City of Marysville's Pet. for Review at 6. However, the statute does not require pinpoint accuracy in determining the amount of damages. See Olson, 71 Wash.2d at 287-91, 428 P.2d 562. The statute merely requires that the claimant "`state as near as he can the amount of his damages.'" Id. at 288, 428 P.2d 562 (quoting Born v. City of Spokane, 27 Wash. 719, 725, 68 P. 386 (1902)).