
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CYRUS Y. KIM, )
) No. 75960-4-I
    Appellant, )
) DIVISION ONE
  v. )
) UNPUBLISHED OPINION
BEST BUY COMPANY and CITY OF )
FEDERAL WAY, )
) FILED: October 2, 2017
    Respondents. )

APPELWICK, J. — Kim filed a tort suit against Federal Way. The trial court dismissed, because Kim failed to provide Federal Way with a notice of claim prior to filing suit as required by RCW 4.96.010. On appeal, Kim argues that the trial court misconstrued the statute, and erred in finding that Federal Way did not violate his constitutional rights. We affirm.

## FACTS

On March 24, 2015, Cyrus Kim entered a Best Buy Co. store to serve legal papers. Best Buy employees forcefully expelled Kim from the store. Federal Way police officers arrived. The officers provided Kim with a notice of trespass, which informed Kim that he was not to enter the store for one year.

Kim filed suit for mental distress, seeking $2,000,000 in damages from the city of Federal Way. Pursuant to CR 12(c), Federal Way moved for judgment on

the pleadings on all claims against it. The trial court granted Federal Way's motion.[1] Kim appeals.

## DISCUSSION

Kim makes two arguments. First, he argues that the trial court misinterpreted RCW 4.96.010. Second, he argues that the trial court erred in finding that Federal Way did not violate his constitutional rights.

We review de novo a trial court's dismissal of a claim pursuant to CR 12(c). Pasado's Safe Haven v. State, 162 Wn. App. 746, 752, 259 P.3d 280 (2011). In reviewing such an order, we examine the pleadings to determine whether the claimant can prove any set of facts, consistent with the complaint, which would entitle the claimant to relief. Id.

### I. Notice of Claim

Kim first argues that the trial court erred in dismissing his case because he failed to adhere to RCW 4.96.010. The Washington Constitution provides that "[t]he legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." WASH. CONST. art. II, § 26. RCW 4.96.010(1) states

---

[1] Federal Way's motion and the trial court's order also used the term summary judgment to describe Federal Way's motion. But, on appeal Federal Way refers to its motion as a judgment on the pleadings under CR 12(c). In reviewing an order granting judgment on the pleadings, we examine the pleadings, rather than facts alleged in the motion, to determine whether the claimant can prove any set of facts, consistent with the complaint, which would entitle the claimant to relief. Pasado's Safe Haven v. State, 162 Wn. App. 746, 752, 259 P.3d 280 (2011). Yet, in its statement of facts, Federal Way's motion cites to declarations of Federal Way Police officers that do not appear in the record on appeal. And, nothing in the record suggests that the trial court considered any evidence beyond the facts alleged in Kim's complaint. We therefore disregard any evidence that was not included in the pleadings. See Id.

that all local government entities shall be liable for damages arising from their tortious conduct. But, it also states that a prospective plaintiff must file a claim of damages as a condition precedent to commencement of any action claiming damages. Id. The purpose of this claim is to allow government entities time to investigate, evaluate, and settle claims before they are sued. Renner v. City of Marysville, 168 Wn.2d 540, 545, 230 P.3d 569 (2010).

Kim does not argue that he complied with RCW 4.96.010. Rather, he argues that the trial court erred in determining that RCW 4.96.010 applies. Specifically, he argues that a United States Supreme Court case, Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979), renders RCW 4.96.010 inapplicable. In that case, the court held that an agency created by an interstate compact to manage an interstate resource could not rely on sovereign immunity afforded to states themselves. Id. at 394, 402. Kim claims that Federal Way can therefore not claim sovereign immunity. But, Lake Country Estates does not stand for the proposition that cities do not enjoy sovereign immunity. Our courts have clearly recognized that sovereign immunity can apply to cities and other state subdivisions. See Renner, 168 Wn.2d at 545 ("A local government entity is liable for damages arising from its tortious conduct to the same extent as if it were a private person or corporation."). Similarly, our courts have approved of RCW 4.96.010's notice of claim requirement as a valid prerequisite to bringing a tort suit against local government entities. See, e.g., id.

Kim claims that RCW 4.96.010 is also inapplicable under Pirtle v. Spokane Pub. Sch. Dist. No. 81, 83 Wn. App. 304, 921 P.2d 1084 (1996). But, in Pirtle the court affirmed dismissal of a case against a school district for failure to adhere to procedures for issuing a notice of claim. Id. at 305.

The notice of claim provision in RCW 4.96.010 applies to local government entities such as Federal Way. Failure to comply with it is grounds for dismissal.

## II. Constitutional Violation

However, Washington's notice of claim statutes do not apply to federal civil rights claims under 42 U.S.C. § 1983. Wright v. Terrell, 162 Wn.2d 192, 196, 170 P.3d 570 (2007). Kim's complaint made a 42 U.S.C. § 1983 claim on two grounds. First, he argued that RCW 9A.52.090(4), which creates an affirmative defense to trespassing for service of legal papers, also creates a positive right for Kim to enter Best Buy's property, which the officers violated. Second, Kim claims that his constitutional rights were violated when police provided him with the notice of trespass informing him that he was not to enter Best Buy's property for one year.

As to his statutory claim, the complaint does not allege that the officers actually interfered with service of process. The notice merely informed Kim that he was forbidden to enter the property and that he may be subject to prosecution for trespass if he did. It did not purport to supersede any statute. RCW 9A.52.090 creates affirmative defenses upon "any prosecution." If Kim entered the property subsequent to receiving the notice, the notice would not have affected Kim's right to assert an affirmative defense, such as entering property for the service of legal process, should he be prosecuted. He was neither arrested nor prosecuted. The

complaint fails to allege facts that establish a present or prospective violation of statutory rights grounded in RCW 9A.52.090.

As to Kim's constitutional claim, the complaint does not identify the source of the claimed right to enter the property of another with impunity. The law clearly recognizes that a property owner may exclude others. The notice of trespass is not a restraining order. It merely advises the recipient that the owner of property will consider his presence to be trespass in the future. It is calculated to allow him to avoid citation for criminal trespass. No arrest or prosecution for criminal trespass has been initiated. The officer's conduct did not violate any identified constitutional right.

The trial court properly dismissed Kim's federal civil rights claims. The trial court properly dismissed the remaining claims for failure to comply with RCW 4.96.010.

We affirm.

WE CONCUR:

_Appelwick, J._

_Mann, J._

_Becker, J._

5