IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JACQUELYN FLAHERTY, a married woman, in her individual and/or official capacities and on behalf of her marital community,<br><br>                Appellant,<br><br>      v.<br><br>SEATTLE PUBLIC SCHOOL DISTRICT; ED ROOS, in his individual and public capacities; MIKE MCCARTHY, in his individual and public capacities,<br><br>                Respondents,<br><br>JOHN DOES 1-5 and JANE DOES 1-5, (fictious individuals whose identities are presently unknown),<br><br>                Defendants. | No. 86778-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAz, J. — Jacquelyn Flaherty sued Seattle Public School District (SPSD), bringing numerous claims of mistreatment at the elementary school where she taught. The superior court granted SPSD's motion for summary judgment, concluding she did not comply with pre-litigation notice requirements of chapter 4.96 RCW, because she sent her claim to the wrong person on the wrong form,

and because she did not include a dollar amount of her claimed damages. Flaherty asserts she substantially complied with the statute. We agree that she substantially complied, reverse the order on summary judgment, and remand this matter for further proceedings.

## I.    BACKGROUND

Flaherty is an African American woman and former teacher at an elementary school in SPSD. In July 2022, she submitted a Washington State Tort Claim Form to the Office of Risk Management of the Washington State Department of Enterprise Services (DES), along with additional supplemental information. In that document, she alleged that she was retaliated against for reporting abusive treatment, and for advocating on behalf of disadvantaged students of color, and that she herself was discriminated against based upon her racial identity and disability. Flaherty claimed $5.5 million in damages.

Flaherty received a letter in response that informed her DES was not the proper agency with which to file her tort claims against SPSD. Flaherty then contacted SPSD and requested the proper form and directions to file her claims. Upon receiving SPSD's reply, she sent its Human Resources Department a completed "Seattle Public Schools Discrimination Complaint Form" and a supplement she entitled, "Seattle Public School Tort Claim." Her attorney attached these materials to a cover letter with the subject line, "Notice of Representation / Tort Claim."

Flaherty filed her lawsuit in superior court in October 2022, making similar allegations. After SPSD filed an answer and the parties had moved forward with

discovery, SPSD filed a motion for summary judgment in March 2024, which argued inter alia that Flaherty had failed to comply with the claim filing procedures in chapter 4.96 RCW.

Following an evidentiary hearing the court called in April 2024, it granted SPSD's motion for summary judgment, finding that Flaherty did not substantially comply with RCW 4.96.020 because she provided the wrong form to a person other than the proper, recorded agent—SPSD's general counsel—and did not include an amount of claimed damages. The next month, Flaherty filed a motion for reconsideration, which the court denied. She now timely appeals.

## II.    ANALYSIS

### A. Law

We determine whether or not Flaherty substantially complied with RCW 4.96.020 de novo, as a matter of statutory interpretation. Renner v. City of Marysville, 168 Wn.2d 540, 545 n. 1, 230 P.3d 569 (2010).[1] Our duty in reviewing issues of statutory interpretation is to ascertain and give effect to the intent and purpose of the legislature. State v. Hahn, 83 Wn. App. 825, 831, 924 P.2d 392

---

[1] SPSD contends we should review the trial court's "evidentiary findings" made at the hearing under an abuse of discretion standard because the trial court ruled on "evidentiary matters." As will be discussed below, insofar as the court weighed evidence and made related findings, such findings were improper and "superfluous." Nelson v. Dep't of Labor & Indus., 198 Wn. App. 101, 109, 392 P.3d 1138 (2017) (quoting Concerned Coupeville Citizens v. Town of Coupeville, 62 Wn. App. 408, 413, 814 P.2d 243 (1991)). The court otherwise did not make the type of evidentiary rulings to which we would apply an abuse of discretion standard, e.g., whether evidence provided in support of a party's position was admissible or "competent" under CR 56(e). Cf., e.g., Am. States Ins. Co. v. Rancho San Marcos Props., LLC, 123 Wn. App. 205, 214, 97 P.3d 775 (2004) (assessing an order excluding an affidavit as violating ER 403). Under Renner, we review this matter de novo.

3

(1996). Because we first seek to discern intent from its chosen language, "if the meaning of a statute is plain on its face, 'we give effect to that plain meaning.'" State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). We presume the legislature uses no superfluous words, so we afford meaning to every word in a statute. State v. Roggenkamp, 153 Wn.2d 614, 624, 106 P.3d 196 (2005). And we assume the legislature does not intend to create inconsistent statutes, so we read provisions in their full context "to achieve a 'harmonious total statutory scheme[.]'" Am. Legion Post No. 149 v. Dep't of Health, 164 Wn.2d 570, 588, 192 P.3d 306 (2008) (quoting State ex rel. Peninsula Neighborhood Ass'n v. Dep't of Transp., 142 Wn.2d 328, 342, 12 P.3d 134 (2000)). Similarly, "it is settled that the plain meaning of a statute is determined by looking not only 'to the text of the statutory provision in question,' but also to 'the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'" State v. Hurst, 173 Wn.2d 597, 604, 269 P.3d 1023 (2012) (quoting Ervin, 169 Wn.2d at 820).

RCW 4.96.020(2)-(3) provides a process for how to file tort claims against local government entities, explaining to whom tort claims should be presented, on what form, and with what information. The governing body of each local entity must appoint an agent to receive tort claims and record that agent's identity and address with the local county auditor, and the statute instructs that all claims for damages "*shall* be presented" to that agent by personal delivery or mail. RCW 4.96.020(2) (emphasis added). Claims "must be presented" on either "the

4

standard tort claim form that is maintained by the office of risk management in [DES]" or on a local tort claim form, "[i]f a local government entity chooses to also make available its own tort claim form in lieu of the standard" one. RCW 4.96.020(3). The claim "must" contain inter alia a "statement of the amount of damages claimed." Id. Importantly, the final provision of RCW 4.96.020 mandates that, "[w]ith respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." RCW 4.96.020(5).

In other words, although certain provisions of RCW 4.96.020 appear rigidly mandatory when read in isolation—e.g., through the use of "must" or "shall"—a plain and harmonious reading of RCW 4.96.020(5) requires that we "construe[]" the section's content and all its procedural requirements "liberally" so that "substantial compliance will be deemed satisfactory." Am. Legion, 164 Wn.2d at 588.

Our Supreme Court has explained that RCW 4.96.020(5) means that "exact specificity is not required." Renner, 168 Wn.2d at 546. Instead, to substantially comply, a claimant must make "a bona fide attempt" to comply with the claim filing statute and the "notice filed 'must actually accomplish its purpose.'" Id. at 545-46 (quoting Brigham v. City of Seattle, 34 Wn.2d 786, 789, 210 P.2d 144 (1949)). And the law's generally understood purpose is "to allow government entities time to investigate, evaluate, and settle claims" before being sued. Medina v. Pub. Util. Dist. No. 1 of Benton County., 147 Wn.2d 303, 310, 53 P.3d 993 (2002).

The procedural posture matters here as well. As it comes on SPSD's

motion for summary judgment, "all reasonable inferences from the evidence" must be construed "in the light most favorable to the nonmoving party." Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Moreover, "the rule is settled that '[t]he court does not weigh credibility in deciding a motion for summary judgment.'" Jones v. State, 170 Wn.2d 338, 354-55 n.7, 242 P.3d 825 (2010) (alterations in original) (quoting 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 25:16 (2009)).

B. Discussion

It is undisputed that Flaherty did not strictly comply with three provisions of RCW 4.96.020, upon which SPSD relies. Wash. Ct. of Appeals oral argument, Flaherty v. Seattle Pub. Sch. Dist., No. 86778-4-I, (Feb. 28, 2025), at 1 min., 53 sec. through 2 min., 20 sec., video recording by TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2025021527/?eventID=2025021527. We address each one in turn, assessing whether she nonetheless substantially complied and with reference only to the undisputed facts.

First, Flaherty did not send her claim to SPSD's general counsel, the agent SPSD appointed and recorded to receive claims pursuant to RCW 4.96.020(2). She sent her claims to SPSD's "Chief of Human Resources" (HR) instead. But the cover letter for her materials requested that the recipient "please notify the *attorney* representing [SPSD] of my representation. Attached hereto is Ms. Flaherty's Tort Claim with supplemental information and supporting documentation." (Emphasis added). When viewed in the light most favorable to Flaherty, we conclude this

request—which expressly signaled her intent that an SPSD's attorney receive her claim—was a bona fide attempt to deliver her claim to the proper agent. RCW 4.96.020 does not demand "exact specificity." Renner, 168 Wn.2d at 546.[2]

Moreover, SPSD adduced no evidence that SPSD's general counsel did not, in fact, receive her claim from the HR department pursuant to her request. When viewed in the light most favorable to Flaherty, the record, thus, also establishes that Flaherty's presentation of her claim met the purpose of the statute "to provide local governments with notice of potential tort claims, the identity of the claimant, and general information about the claim." Id.[3]

Further, we have been provided no authority that a claimant must present their claim only to the recorded agent or fail to substantially comply. To the contrary, although it was before the legislature adopted the substantial compliance standard, our Supreme Court found an imperfect service of tort claim survived a similar challenge. Durham v. City of Spokane, 27 Wash. 615, 623, 68 P. 383 (1902) (presentation to the city clerk instead of the city council as required by

---

[2] At oral argument, when asked why a request to notify SPSD's counsel was not a bona fide attempt to comply, SPSD answered: "That is not what the letter said. . . what the letter said was please notify whichever lawyer is going to be representing the District—*of my representation*. It does not say *please forward this for processing to the general counsel's office*. There's a big distinction in that . . . difference." Wash. Ct. of Appeals oral argument, supra, at 13 min., 15 sec. through 13 min., 37 sec. (emphasis added). Under the substantial compliance standard, we do not see a distinction with a difference between those two formulations of Flaherty's counsel's request.

[3] In ruling otherwise, the trial court erred to the extent it construed ambiguous evidence or weighed the absence of evidence, i.e., direct receipt, in favor of SPSD, the moving party. Keck, 184 Wn.2d at 370; Rep. of Proc. (RP) at 43 ("[W]hat I'll say is this. In the absence of information about whether or not the [HR] department provided it to the General Counsel's office, I'm not going to infer that they did.").

charter was "sufficient compliance"). On these facts, Flaherty's presentation of her claim substantially complied with RCW 4.96.020(2).

Second, Flaherty submitted to SPSD its "Discrimination Complaint" form, rather than its "Personal Injury Claim" form, which was the form SPSD "cho[se] to make available" under RCW 4.96.020(3).[4]

RCW 4.96.020(3)(e) provides that "[p]resenting either the standard tort claim form [referenced in RCW 4.96.020(3)] or the local government tort claim form [referenced in RCW 4.96.020(3)(c)] satisfies the requirements of this chapter." Flaherty did neither. Importantly, however, RCW 4.96.020(3)(e) does not state that *only* those types of forms must be used or that no other form could serve to provide notice of a tort claim to a government entity. And, even if it did, RCW 4.96.020(5) tempers the seeming rigidity of RCW 4.96.020(3).

We conclude that her filing of a form very similar to the one SPSD designated constituted a bona fide attempt to comply with the claim filing statute, particularly as the form and attachments which Flaherty submitted contained all

---

[4] The parties disputed which form SPSD provided to Flaherty after she initially sent her claim to DES and requested the proper form. Flaherty claims she used the "Discrimination Complaint" form because that is the form SPSD (mistakenly) sent to her, while SPSD insists it sent her the "Personal Injury Claim" form, further claiming her pleadings to the contrary were untrue. This fact is immaterial, but, to the extent this dispute affected the trial court's summary judgment ruling, it was error, not only to resolve the matter based on the court's own credibility determinations, but to credit SPSD's position and to find Flaherty's account not credible. Jones, 170 Wn.2d at, 354-55 n.7; RP at 46-48 ("I will make a finding as to . . . the form that was sent by the District, I found the witness credible and . . . in terms of her search of the system . . . there's no reason to believe that the email system did not accurately produce for her the email with the attachments that were sent. . . . I'm finding the witness credible and your testimony otherwise not credible.")

the detail required by RCW 4.96.020(3)(a), except for one item discussed below.

Moreover, SPSD offered no facts showing that her use of the discrimination form, along with the additional supplement, did not allow SPSD to investigate, evaluate, and consider whether to settle her claims. Medina, 147 Wn.2d at 310. Thus, Flaherty's form also met the purpose of the statute.

Further, SPSD provides no citation to support the contention that a claimant must present their claim on the designated form or fail to substantially comply. To the contrary, although it was before the legislature adopted RCW 4.96.020(5), this court held that an otherwise valid claim which did not use the intended, pre-prepared form still satisfied a filing statute at issue. Stevens v. City of Centralia, 86 Wn. App. 145, 152, 936 P.2d 1141 (1997) (holding that, to prevent "an inequitable result," the contested claim was "constructively accepted" when the claimant attempted to file it by presenting it to a city clerk, despite his failure to use the city's preprinted form). Thus, on these facts, Flaherty's presentation of the claim form she provided substantially complied with RCW 4.96.020(2).

Third, the materials Flaherty provided to SPSD did not include an amount of damages demanded. But our Supreme Court has made clear that providing an actual dollar amount of damages is not required to substantially comply with RCW 4.96.020(3). Renner, 168 Wn. 2d at 546-47. Instead, "[b]ecause the purpose of providing a description of the damages claimed is to give the government general notice and the opportunity to investigate, negotiate, and possibly settle claims, and based on the statute's liberal construction directive, *a general description* of damages sought fulfills the statute's purpose." Id. at 547 (emphasis added).

SPSD concedes that, while Flaherty "clearly did not" include a total damages number, she "arguably did" describe the injury or damages she suffered in her claims. We hold that it is not merely arguable, but conclude that, under Renner, Flaherty substantially complied with RCW 4.96.020(3) by providing sufficiently substantive detail about the harm she suffered.

In response, SPSD argues that Flaherty included a $5.5 million total of claimed damages in the original form she sent to DES and that therefore she cannot claim she was "unable" to provide SPSD a specific monetary number because she had already done so. SPSD misconstrues the test. The question is not whether Flaherty was or was not able to provide a specific dollar amount, but whether the information she did provide was a bona fide attempt to meet the statute's purpose. SPSD does not provide any evidence that Flaherty's submission, where she explained the harm she allegedly suffered, did not provide SPSD "general information" about her claimed damages. Renner, 168 Wn.2d at 546. Thus, the purpose of RCW 4.96.020(3) was met.[5]

Finally, SPSD relies on Toney v. Lewis County, No. 76030-1-I, slip op. at 11 (Wash. Ct. App. Jan. 30, 2017) (unpublished) https://www.courts.wa.gov/opinions/pdf/760301.pdf, to argue that "substantial

---

[5] SPSD also claims that, when analyzing substantial compliance, this court should determine "whether a party received actual notice," citing Fay v. Northwest Airlines, Inc., 115 Wn.2d 194, 796 P.2d 412 (1990), in support. We are unconvinced. Fay pertained to a different statute, RCW 51.52.110, which contains a requirement that a claimant "ensure that interested parties receive actual notice of appeals of Board decisions." Id. at 198. That standard is quite different than the pertinent statute here and its requirement, again, that a claimant show they made a bona fide attempt to present a claim in such a way that it allows a government agency to investigate, evaluate, and settle tort claims. Medina, 147 Wn.2d at 310.

compliance requires [Flaherty] to prove that [SPSD] had fully investigated, evaluated, and decided whether or not to settle all of [her] claims prior to when [she] commenced [her] action."[6] This argument is unavailing because Toney held no such thing and is otherwise distinguishable.

There, the appellant did not wait 60 days after presentation of his claim to the local governmental entity to file his lawsuit, contrary to the clear timing requirements of RCW 4.96.020(4). Toney, No. 76030-1-1, slip op. at 2. He conceded he only waited 31 days. Id. at 8. The *trial* court "ruled that all of Toney's claims were based on tort, and 'even in the light most favorable to [Toney] . . . Toney fails to meet his burden there that the County had completed its investigation or evaluation of the case." Id. at 3. On appeal, the appellant argued he substantially complied by waiting just over half the time. Id. at 8.

This court—applying the same test applied here and relying on Renner— nowhere claims it is always a claimant's burden to show that a local government had completed its evaluation, let alone internally decided whether to settle the matter, regardless of the nature of the presentation's failure. Id. at 10. Instead, this court declined to render the time requirement meaningless, holding that "[t]he legislature made the judgment that 60 days was the amount of time necessary to achieve the stated purpose, therefore, the County is entitled to the full 60 days." Id. at 11. To the extent there was any "burden" on a claimant, it arises from the bright-line rule in RCW 4.96.020(4), which evinces the legislative intent to set a

---

[6] We cite to this matter, pursuant to GR 14.1, as it is necessary for a reasoned decision to respond to SPSD's arguments.

firm deadline to wait to file suit.

Here, Flaherty's failures to comply with the various provisions of RCW 4.96.020(2)-(3) are more amenable to the "liberal construction" mandated by RCW 4.96.020(5) and performed above, than the clear 60-day waiting period in RCW 4.96.020(4).

In summary, we hold that—relying only on the undisputed facts in the record—Flaherty made a bona fide attempt to comply with the relevant provisions of RCW 4.96.020 and her actions did accomplish the statute's purpose of allowing SPSD to investigate, evaluate, and settle her claims prior to her filing.

III.    CONCLUSION

We reverse the superior court's order granting summary judgment and remand this case for further pretrial proceedings consistent with this opinion.[7]

_____
Díaz, J.

WE CONCUR:

_____
Coburn, J.

_____
Smith, C.J.

---

[7] We decline to reach any further argument of the parties, or to address the case SPSD submitted in a Statement of Additional Authorities (SAA) that it filed the day before oral argument. This court does not treat SAAs as an opportunity for parties to offer new arguments that were previously available before its briefing deadlines. O'Neill v. City of Shoreline, 183 Wn. App. 15, 23, 332 P.3d 1099 (2014) (concluding RAP 10.8 was "intended to provide parties an opportunity to cite authority decided *after* the completion of briefing" and stating "[w]e do not view it as being intended to permit parties to submit to the court cases that they failed to timely identify when preparing their briefs." (Emphasis added)). The case SPSD cites was available to it for nearly six months before it filed its response brief on October 4, 2024. Sterling v. State of Washington, No. 85448-8-I, (Wash. Ct. App. Apr. 15, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/854488.pdf.