# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

NICHOLAS ALEXANDER CHILDERS,

Appellant,

v.

CHIYANG WU; and
EVERGREENHEALTH,

Respondents.

No. 87908-1-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Nicholas Childers brought a medical negligence claim against Dr. Chiyang Wu and EvergreenHealth (collectively Evergreen). The superior court granted Evergreen's motion for summary judgment, dismissing Childers's claim with prejudice because he[1] failed to file a presuit notice of claim pursuant to RCW 4.96.020 and because his claim had become time barred. Childers appeals, arguing the court erred because he substantially complied with the notice requirement and statutory and equitable tolling allow him to reassert his claim after the time bar. We affirm.

I

Because we are reviewing a grant of summary judgment against Childers, we present the evidence in a light most favorable to him. See Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012).

---

[1] Childers's medical records alternate between using "he/him" and "they/them." Because Childers's pro se briefing uses "he/him," we adopt that usage. No disrespect is intended if Childers uses or prefers "they/them."

Childers was injured after slipping and falling on his left hip while he was working in May 2021. He sought medical treatment from Evergreen starting in May 2021 and began receiving treatment from Dr. Wu in July 2021. Childers received care from Dr. Wu from July until October 2021. At the last appointment where he received care from Dr. Wu, clinical notes indicate Childers was still experiencing pain in his lower back, hip, and one of his legs. Towards the end of his treatment at Evergreen, Childers made a complaint with the Department of Labor and Industries (L&I) about Dr. Wu's treatment. After ending treatment with Evergreen and closing his L&I claim in February 2022, Childers sought treatment from the emergency department at Swedish First Hill Emergency Center and at University of Washington Medicine Primary Care Family Medicine at South Lake Union for continued lower back pain.

In May 2024, Childers filed a complaint for medical negligence against Evergreen, and an amended complaint in July 2024. In his amended complaint, Childers alleged that by December 2023, he was identified as a good candidate for spinal surgery. Childers alleged that after surgery in March 2024, the surgical team told him he would not reach 100 percent recovery because a nerve had been pinched for two and a half years. Childers alleged that from the date of the workplace injury to the date of his surgery, he suffered numerous adverse physical and mental conditions. He alleged Evergreen was negligent by failing to order diagnostic imaging, providing conflicting information to him and L&I, and contradicting the findings of an independent medical examiner, several physical therapists, and an L&I certified determination. He alleged that because of these

2

actions, his spinal injury was not diagnosed or treated in a timely manner, which resulted in irreversible physical and mental damage.

Evergreen moved for summary judgment, arguing that because it is a public entity, Childers was required to file a presuit notice of claim pursuant to chapter 4.96 RCW. Evergreen argued that Childers's claim should be dismissed with prejudice because the statute of limitations had run, pointing to Dr. Wu's care of Childers ending in late 2021. Evergreen filed a declaration stating that Evergreen makes available on its website the presuit notice of claim form and that Childers did not file one before or after filing his lawsuit.

Childers conceded he did not file the presuit tort claim notice but argued Evergreen refused to look into his situation or direct him to complete and file a claim notice. He argued summary judgment should be denied because it was still early in discovery and there was a genuine issue of material fact as to when the statute of limitations accrued. He argued in the alternative that the statute of limitations should be equitably tolled because Evergreen refused to look further into his issue despite his voicing his concerns his back injury was not being accurately assessed and treated properly. He argued he was unable to file earlier because his medical issues prevented him from seeking legal action. Last, he argued the statute of limitations should be tolled to allow him to file a written, good faith notice of mediation and to file a presuit notice of claim. Childers submitted medical reports from his L&I claim through Evergreen, Swedish Medical Center, and University of Washington Medical Center.

The court granted Evergreen's motion. Childers appeals.

II

We review summary judgment de novo. <u>Ranger Ins. Co. v. Pierce County</u>, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "We engage in the same inquiry as the trial court." <u>Haley v. Amazon.com Servs., LLC</u>, 25 Wn. App. 2d 207, 216, 522 P.3d 80 (2022). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56(c); <u>see also</u> <u>Ranger Ins. Co.</u>, 164 Wn.2d at 554. " 'A material fact is a fact upon which the outcome of the litigation depends, in whole or in part.' " <u>Haley</u>, 25 Wn. App. 2d at 216 (internal quotation marks omitted) (quoting <u>Morris v. McNicol</u>, 83 Wn.2d 491, 494, 519 P.2d 7 (1974)).

" 'The moving party bears the burden of showing that there is no genuine issue of material fact.' " <u>Blue Ribbons Farms Prop. Owners' Ass'n v. Mason</u>, 31 Wn. App. 2d 1, 15, 547 P.3d 927 (2024) (quoting <u>Walston v. Boeing Co.</u>, 181 Wn.2d 391, 395-96, 334 P.3d 519 (2014)). " 'If this burden is satisfied, the nonmoving party must present evidence demonstrating [a] material fact.' " <u>Id.</u> (quoting <u>Walston</u>, 181 Wn.2d at 395-96). We view all facts and reasonable inferences in the light most favorable to the nonmoving party. <u>Elcon Constr., Inc.</u>, 174 Wn.2d at 164. "Where no dispute as to the material facts exists, summary judgment is proper." <u>Id.</u> at 165.

4

A

Childers argues he substantially complied with RCW 4.96.020 because he filed several complaints with Evergreen and these complaints fulfilled the purpose of notifying Evergreen.  We disagree.  Plaintiffs must present the agent of a local governmental entity with a tort claim form 60 days before they are allowed to file a tort claim against the entity.  RCW 4.96.020(3), (4); Renner v. City of Marysville, 168 Wn.2d 540, 545, 230 P.3d 569 (2010).  With respect to content, "exact specificity is not required; the claimant simply must provide enough information to put the government on notice of the claim and its contents."  Id. at 546.  Childers concedes he did not file the presuit notice of claim.  Therefore, his failure to comply bars him from asserting a negligence claim against Evergreen.

Childers argues Evergreen's behavior equitably estops it from asserting the pretort notice claim as a defense.  "The elements of equitable estoppel are: '(1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in [reasonable] reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission.' " Lybbert v. Grant County, 141 Wn.2d 29, 35, 1 P.3d 1124 (2000) (alteration in original) (quoting Bd. of Regents of Univ. of Wash. v. City of Seattle, 108 Wn.2d 545, 551, 741 P.2d 11 (1987)).  Childers's pointing to Evergreen's alleged misstatements to him about his condition while he was being treated does not fall within the principles of Lybbert.  Evergreen made the presuit notice of the claim form publicly available on its website, pleaded the defense in its answer, and timely sought summary judgment.

Childers argues that dismissing his claim with prejudice because of failing to file a presuit notice of claim violates due process by foreclosing his ability to remedy his claim and have his claim tried before a jury. Because the right to bring suit against the State is a statutory right created by the waiver of sovereign immunity, the legislature may prescribe limitations upon that right. Medina v. Pub. Util. Dist. No. 1 of Benton County, 147 Wn.2d 303, 312, 53 P.3d 993 (2002). The conditions must be reasonable and not place a substantial burden on government tort victims to obtain relief. McDevitt v. Harborview Med. Ctr., 179 Wn.2d 59, 68, 316 P.3d 469 (2013). Childers does not show that the notice requirement is unreasonable or places a substantial burden on him to obtain relief as opposed to those seeking relief from non-governmental defendants.

B

Childers argues the limitations period was tolled under RCW 4.16.350, which allows for tolling when the plaintiff did not discover their claim within the prescribed time. RCW 4.16.350(3) provides that medical negligence claims must be filed "within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his or her representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later."

Evergreen provided care for Childers until February 2022, when L&I closed his claim, therefore, the latest act Evergreen could have done would be in February 2022, and the latest the three year period could have ended was February 2025. Furthermore, his visit notes from the University of Washington Medical Center in

6

March 2022 stated he hit a plateau in physical therapy and that his symptoms had been increasing. Clinician notes from his Swedish First Hill Emergency visit indicate that in May 2022, Childers stated that "his back is [sic] always been somewhat suspect but has never hurt like this." Drawing all inferences in the light most favorable to Childers, the evidence he supplied in response to the summary judgment motion does not support a reasonable inference that he was unaware of his worsening back pain or Evergreen's alleged negligent acts later than February 2022. As a result, at summary judgment dismissal in February 2025, Childers's claim was time-barred under RCW 4.16.350.

Childers argues he made good faith efforts to mediate by filing complaints with the hospital, which he says should allow him to toll the statute for one year. RCW 7.70.110 states, "The making of a written, good faith request for mediation of a dispute related to damages for injury occurring as a result of health care prior to filing a cause of action under [chapter 7.70 RCW] shall toll the statute of limitations provided in RCW 4.16.350 for one year." The request for mediation must be made in writing and made on the defendant or the defendant's authorized agent. Unruh v. Cacchiotti, 172 Wn.2d 98, 114, 257 P.3d 631 (2011). Although Childers asserts his complaints may have put Evergreen on notice of a potential claim, Childers does not point to any evidence that shows he made a written request for mediation on Evergreen, Dr. Wu, or either of their agents.

Childers argues his claim should be equitably tolled because Evergreen delayed discovery of his injury and prevented earlier filing. Equitable tolling is permissible when the plaintiff can demonstrate that such extraordinary relief is

warranted because " '(1) the plaintiff has exercised diligence, (2) the defendant's bad faith, false assurances, or deception interfered with the plaintiff's timely filing, (3) tolling is consistent with (a) the purpose of the underlying statute and (b) the purpose of the statute of limitations, and (4) justice requires tolling the statute of limitations.' " Campeau v. Yakima HMA, LLC, 3 Wn.3d 339, 347, 551 P.3d 1037 (2024) (quoting Fowler v. Guerin, 200 Wn.2d 110, 125, 515 P.3d 502 (2022)). However, the court cannot conclude that anything prevented Childers from filing a timely complaint because he did file a complaint within the limitations period, albeit without complying RCW 4.96.020(4).

Citing Renner, Childers argues his complaint should not have been dismissed with prejudice because the policy of RCW 4.96.020(5) urges against forfeiting claims due to minor procedural defects and substantial compliance is sufficient. RCW 4.96.020(5) states that "[w]ith respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." Although in discussing former RCW 4.96.010(1), Renner held the contents of the notice do not need to be perfect to put the government on notice, and the court reaffirmed the procedural requirement that a notice must be submitted. 168 Wn.2d at 546. Childers admits he did not file a notice, and the court did not err in dismissing his complaint for failure to file.

Arguing that the court erred in dismissing his complaint with prejudice, Childers cites Steinbock v. Ferry County Public Utility District No. 1, 165 Wn. App. 479, 483, 269 P.3d 275 (2011). In Steinbock, where the Steinbocks had brought

contract and tort claims against the local public utility, the superior court dismissed the Steinbocks' complaint without prejudice.  Id.  After dismissal without prejudice, the Steinbocks later brought new negligence claims against the utility, which were still within the limitations period.  Id. at 483.  The court was permitted to dismiss without prejudice because the plaintiffs still had time to file.  Here, where Childers did not file the required notice, the statute of limitations had expired, and Childers did not show that the statute of limitations should be tolled, the superior court did not err in dismissing his complaint with prejudice.

C

Childers requests costs on appeal.  Because Childers is not the prevailing party, we deny his request for costs pursuant to RAP 14.2.

Affirmed.

Birk, J.

WE CONCUR:

Feldman, J.          Díaz, J.